# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

      Plaintiffs.

               v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

      Defendants.

**DECLARATION OF LARBI
OUFKIR**

**Civil Case No.: 13-cv-6503-RJS**

---

I, LARBI OUFKIR, affirm, swear, and attest under penalty of perjury as follows:

1.     I have been employed by the Defendants in the above-captioned action as a server at Les Halles Park Avenue since 1996.

2.     On or around, December 30, 2013, I signed a consent form to join the above-captioned action.

3.     In or around early January 2014, Lajaunie approached me in the restaurant and demanded to know why I had joined the lawsuit.  He threatened that I would never be able to work in the U.S. again.

4.     In or around early January 2014, a sign was posted at the restaurant announcing a mandatory meeting for all tipped employees.

5.     I attended that meeting on Thursday, January 16 at Les Halles Park Avenue.  Each tipped employee who attended the meeting was required to sign a sign-in sheet.

6.     During the meeting, Lajaunie expressed anger and disappointment that we (the tipped employees) were participating in this collective action. Lajaunie also announced that he was recording the meeting. He asked why the tipped employees were doing this to him and said that they should not be doing this.

7.     During the meeting, Lajaunie singled out individual tipped employees, including, without limitation, Doumbia Moyakabi, Mohammed Khalik, Jean-Rene Monge, and me, asking them in front of our coworkers why they joined the collective action and claiming that he was unaware of what was happening in the restaurant.

8.     Lajaunie claimed that because of the lawsuit he could not afford to give the kitchen staff a raise. Later, he said that he had insurance.

9.     During the meeting, Lajaunie confronted me in the presence of the other tipped employees, saying "Why did you join this lawsuit?" and that his insurance would pay for it.

10.     I was very upset and fearful that Lajaunie would retaliate against me and fire me and then prevent me from working at another restaurant.

11.     On or around January 8, 2014, approximately one week after I joined the collective action, I received two write-ups from Director of Operations Pamela Gill.

12.     The first write-up was for an incident that occurred more than a month earlier, on Thanksgiving, when I complained that I had not received a shift meal, which I was promised, and for which money is deducted from my paycheck. I was written up for complaining about this.

13.     The second write-up was for alleged insubordination, after I complained to Magda about Chad Combs sexually harassing me, and she refused to address my concerns and told me

to "go to hell." This incident occurred in or around December 2013, but I did not receive this write-up until January 8, 2014, after I had joined the lawsuit.

14.     On or around January 18, 2014, Manager  Chad Combs directed me to fold napkins (side work) at the end of my shift, although I had already folded napkins during my shift, after my section of the restaurant was closed for the night, and I was entitled to leave.  He had not done this to me or other tipped employees before.

15.     On or around January 22, 2014, Pamela Gill, Director of Operations, called me and texted me early in the morning telling me that I had to meet with Lajuanie.  I replied that I preferred not to have a meeting.  When I arrived at work, Lajuanie demanded that I meet with him, and he recorded the meeting.  This made me feel very nervous and intimidated.

16.     Lajuanie also said that he has been getting complaints about my customer service. This does not make any sense, since I was never aware of any complaints and consistently receive generous tips from my customers.

17.     He also falsely accused me of circulating information to damage Les Halles' reputation, which I have not done.

18.     I believe that the foregoing acts were done in retaliation for joining the collective action and to persuade me to discontinue my participation in the collective action.Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, NY
      January 27, 2014
                                    Larbi Oufkir

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

        Plaintiffs.

                v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

        Defendants.

**DECLARATION OF JEAN-
RENE MONGE**

**Civil Case No.: 13-cv-6503-RJS**

I, Jean-Rene Monge, affirm, swear, and attest under penalty of perjury as follows:

1.     I am currently employed as a tipped employee at Les Halles Park Avenue.

2.     On or around December 30, 2013, I filed a consent form to join the above-captioned collective action.

3.     In or around early January 2014, a sign was posted at the restaurant announcing a mandatory meeting for all tipped employees.

4.     I attended that meeting on Thursday, January 16 at Les Halles Park Avenue.  Each tipped employee who attended the meeting was required to sign a sign-in sheet.

5.     In or around January 2014, I saw Lajuanie approach my co-worker Larbi Oufkir on the floor and confront him.

6.     Then Lajuanie approached me while I was on the floor saying "WHY?!"

7.     Lajuanie said to me words to the effect of, "I know the bussers are joining the lawsuit because they don't understand, but why you and Larbi?

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, NY
       January 27, 2014

_____
Jean-Rene Monge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

      Plaintiffs.

             v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

      Defendants.

**DECLARATION OF
MOHAMMAD KHALIK**

**Civil Case No.: 13-cv-6503-RJS**

---

I, Mohammad Khalik, affirm, swear, and attest under penalty of perjury as follows:

1.      I am currently employed as a tipped employee at Les Halles Park Avenue.

2.      On or around December 30, 2013, I filed a consent form to join the above-captioned collective action.

3.      In or around early January 2014, a sign was posted at the restaurant announcing a mandatory meeting for all tipped employees.

4.      I attended that meeting on Thursday, January 16 at Les Halles Park Avenue. Each tipped employee who attended the meeting was required to sign a sign-in sheet.

5.      During the meeting, Defendant Philippe Lajaunie ("Lajaunie") expressed anger and disappointment that we (the tipped employees) were participating in this collective action. Lajaunie also announced that he was recording the meeting. He asked why the tipped employees were doing this to him and said that they should not be doing this.

1

6.      During the meeting, Lajaunie singled me out in front of my co-workers and asked why I joined the lawsuit in a threatening and intimidating tone.

7.      On or around January 23, 2014, Lajuanie pulled me off of the floor in front of my co-workers to attend a meeting with him and Pamela Gill, Director of Operations.

8.      The meeting was tape recorded.

9.      During the meeting, Lajuanie accused me of signing a Complaint that did not reflect the true reason I decided to join the lawsuit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, NY
      January 27, 2014

_____
Mohammad Khalik

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

     Plaintiffs.

         v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

     Defendants.

**DECLARATION OF
REZWANUL HAQUE
CHOWDHURY**

**Civil Case No.: 13-cv-6503-RJS**

I, Rezwanul Haque Chowdhury, affirm, swear, and attest under penalty of perjury as follows:

1.     I am currently employed as a tipped employee at Les Halles Park Avenue.

2.     On or around January 13, 2014, I filed a consent form to join the above-captioned collective action.

3.     I attended a mandatory meeting for tipped employees on January 16, 2014. During that meeting Lajuanie singled out tipped employees asking why they joined the lawsuit in a threatening way.

4.     In or around January 2014, a co-worker named Maruf Ahmed, who is close with Lajuanie, informed me that Lajuanie told him that I joined the lawsuit and asked why a young man like me would do this and said that I will never find a job in New York City again.

1

5.      Maurf Ahmed also said that Lajuanie told him that three or four bussers who signed up for the lawsuit were going to lose their jobs.

6.      Maruf Ahmed said that, according to Lajuanie, I could not work for any restaurant in New York City.

7.      I felt nervous and threatened as a result of hearing this information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: New York, NY
      January 27, 2014                    _____
                                           Rezwanul Haque Chowdhury

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

     Plaintiffs.

            v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

     Defendants.

**DECLARATION OF
CATALINO RAMIREZ PEREZ**

**Civil Case No.: 13-cv-6503-RJS**

I, Catalino Ramirez Perez, affirm, swear, and attest under penalty of perjury as follows:

1.     I am currently employed as a tipped employee at Les Halles Park Avenue.

2.     On or around December 30, 2013, I filed a consent form to join the above-captioned collective action.

3.     In or around early January 2014, a sign was posted at the restaurant announcing a mandatory meeting for all tipped employees.

4.     I attended that meeting on Thursday, January 16 at Les Halles Park Avenue.  Each tipped employee who attended the meeting was required to sign a sign-in sheet.

5.     During the meeting, Defendant Philippe Lajaunie ("Lajaunie") expressed anger and disappointment that we (the tipped employees) were participating in this collective action. Lajaunie also announced that he was recording the meeting.  He asked why the tipped employees were doing this to him and said that they should not be doing this.  I was very upset and nervous.

1

6.     During the meeting, Lajaunie singled me out in front of my co-workers and asked why I joined the lawsuit in a threatening and intimidating tone.

7.     On or around January 23, 2014, Lajaunie pulled me off of the floor in front of my co-workers to attend a meeting with him and Pamela Gill, Director of Operations.

8.     The meeting was tape recorded.

9.     During the meeting, Lajaunie accused me of signing a Complaint that did not reflect the true reason I decided to join the lawsuit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: New York, NY
       January 27, 2014

_CATALINO RAMIREZ PEREZ_
Catalino Ramirez Perez

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, and EDGAR
OCOTOXTLE, on behalf of themselves and
others similarly situated,

     Plaintiffs.

               v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP., LHLM GROUP
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK and XYZ CORP.,

     Defendants.

**DECLARATION OF SANTOS
TARAX**

**Civil Case No.: 13-cv-6503-RJS**

I, Santos Tarax, affirm, swear, and attest under penalty of perjury as follows:

1.      I am currently employed as a tipped employee at Les Halles Park Avenue.

2.      On or around January 10, 2014, I filed a consent form to join the above-captioned collective action.

3.      On or around January 22 2014, Lajuanie took me to the office in the basement alone and asked why I joined the lawsuit in an intimidating and threatening tone.

4.      In or around January 2014, I had a paycheck that was damaged, and Magda promised me a replacement check. As of today, I have not yet received a replacement check, as promised.

5.      The foregoing actions were embarrassing, intimidating, and threatening to me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1

Dated: New York, NY
     January 27, 2014

Santos Tarax