UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No. 13 Civ. 6503 (RJS)

ETHAN MURPHY, STEPHANIE CASTILLO, CHRISTOPHER L. SCOTT, LOGAN SCOTT, NICOLE CLOUSE, NYAMKA AYINOLA, AND EDGAR OCOTOXTLE, on behalf of themselves and others similarly situated,

Plaintiffs,

VERSUS

PHILIPPE LAJAUNIE, LA BOUCHERIE INC., 15 JOHN CORP, LHLM GROUP, CORP. A/K/A BRASSERIE LES HALLES NEW YORK, AND XYZ CORP.,

Defendants.

MEMORANDUM AND ORDER
May 7, 2014

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Ethan Murphy, Stephanie Castillo, Christopher L. Scott, Logan Scott, Nicole Clouse, Nyamka Ayinola, and Edgar Ocotxtle, together with the approximately thirty-six opt-in Plaintiffs[1] (collectively, "Plaintiffs"), bring this action against Philippe LaJaunie, La Boucherie Inc., 15 John Corp., LHLM Group, Corp., and XYZ Corp. (collectively, "Defendants"), asserting minimum wage and overtime claims under the Fair Labor Standards Act (the "FLSA").[2] Defendants own and operate Brasserie Les Halles Park Avenue and Brasserie Les Halles John Street (collectively, the "Restaurants"). In broad strokes, Plaintiffs challenge Defendants' policy of (1) distributing a portion of the tip pool to certain mangers; (2) taking an improper tip credit for tipped employees' wages; and (3) as a result, failing to pay tipped employees

---

[1] In the time since Plaintiffs filed their motion, additional persons have consented to become Plaintiffs in this action. (Doc. Nos. 47–84 (Chavez; Costabile; Khalik; Monge; Moyakabi; Oufkir; Ramirez Perez; Manzano; Acquino; Wilson-Jayaraman; Escandon; Ayinde; Clouse; Perez; Scott; Santos; Hulihan; Chowdury; Snyder; Romero; Tarax; Camarillo; Remirez; Solano; Tito; Martinez; Uzzle; Bonillo; Vazquez; Roa; Floarea; Mizhquiri; Roediger; Romero; Nava).)

[2] Plaintiffs have also asserted claims under New York law which are not relevant to the motion before the Court.

the appropriate minimum wage for all hours worked and the overtime premium for hours in excess of forty in a week.

Before the Court is Plaintiffs' motion for conditional certification of this case as an FLSA collective action so that additional servers, bussers, runners, bartenders, and hosts who work or worked at the Restaurants and participated in the tip pools on or after August 12, 2010 can be notified of their right to participate in the lawsuit. For the reasons set forth below, Plaintiffs' motion is granted.

## I. BACKGROUND

### A. Facts[3]

Plaintiffs Christopher Scott, Logan Scott, Nicole Clouse, and Nyamka Ayinda worked at Les Halles Park Avenue as servers and/or bartenders within the last three years, and Plaintiff Edgar Ocotoxtle worked at Les Halles John Street as a busser within the last three years. (TAC ¶¶ 14–18.)

The Restaurants are so-called "pooled houses," meaning for each shift, tips are combined into a pool and redistributed to those employees who participate in the pool according to either a point-based system (Les Halles John Street) or a percentage-based system (Les Halles Park Avenue).

---

[3] The facts are taken from the parties' pleadings and papers filed in connection with this motion. (See Third Amended Complaint, Doc. No. 21 ("TAC"); Plaintiffs' Mem. in Support, Doc. No. 29 ("Pls. Mem."); Defendants' Mem. in Opposition, Doc. No. 34 ("Defs. Opp."); Decl. of Logan Scott, dated Nov. 14, 2013, Doc. No. 31 ("Scott Decl."), Decl. of Isidoro Ventura Peralta, dated Nov. 12, 2013, Doc. No. 33 ("Peralta Decl."); Decl. of Pamela Gill, submitted Dec. 13, 2013, Doc. No. 40 ("Gill Decl."); (Decl. of Denise A. Schulman, dated Nov. 21, 2013, Doc. No. 30 ("Schulman Decl."); Aff. of Petr Landa, dated Oct. 8, 2013, Doc. No. 32 ("Landa Aff.").)

(Pls. Mem. at 3; Scott Decl. ¶ 8; Peralta Decl. ¶ 3.) According to Plaintiffs, the Restaurants' tip pools include servers, runners, bussers, bartenders, and maître d's (collectively, "Tip Pool Employees"). (Pls. Mem. at 3; Scott Decl. ¶ 8; Peralta Decl. ¶ 3; Gill Decl. ¶ 4.) At some point, hosts also participated in the tip pool at Les Halles Park Avenue. (Pls. Mem. at 3; Scott Decl. ¶ 8.) As a result of their participation in the tip pool, Plaintiffs, along with the other putative class members, were paid pursuant to the FLSA's "tip credit" provision, which allows employers to pay tipped employees at an hourly rate below the minimum wage, provided that the hourly wage and the employees' tips combined are at least equivalent to the minimum wage. (TAC ¶ 32; Scott Decl. ¶ 5; Peralta Decl. ¶ 2, Ex. 1; Schulman Decl., Ex. 3.) See 29 U.S.C. § 203(m).

Plaintiffs contend that the maître d's who participated in the tip pool should be considered part of the Restaurants' management because their duties included the ability to hire and fire employees, supervise staff, set schedules, and grant time off. (See generally Landa Aff.) Plaintiffs identify sixteen individuals who participated in the tip pool despite their exercise of managerial control. (Pls. Mem. at 5; TAC. ¶ 40; Landa Aff. ¶¶ 11–12.) Defendants, on the other hand, contend that these individuals were non-managers whose duties focused on customer service. (Defs. Opp. at 3–4.) Plaintiffs argue that given the improper participation of management in the tip pool, Plaintiffs were neither paid the proper minimum wage nor the proper overtime rate.

### B. Procedural History

On September 4, 2012, Ethan Murphy initiated this action by filing the original complaint in New York State Supreme

Court, New York County, asserting putative class claims under New York law. (Schulman Decl. ¶ 2.) On March 7, 2013, the First Amended Complaint, which added Stephanie Castillo as a named Plaintiff, was filed. (*Id.* at ¶ 3.) On August 12, 2013, the Second Amended Complaint was filed, asserting causes of action under the FLSA and adding as named Plaintiffs Christopher L. Scott, Logan Scott, Nicole Clouse, and Nyamka Ayinola. (*Id.* at ¶ 4.) Thereafter, on September 16, 2013, Defendants removed this action to federal court, where it was assigned to my docket. (Doc. No. 1.) After the Court granted Plaintiffs leave to amend the Complaint (Doc. No. 9), Plaintiffs filed the TAC on October 21, 2013.[4] Plaintiffs filed the instant motion on November 21, 2013, and the motion was fully submitted as of December 23, 2013. (*See* Doc. Nos. 28–34, 40–46.)[5]

## II. DISCUSSION

### A. Legal Standard for FLSA Certification of a Collective Action

Under the FLSA, employees may maintain collective actions to recover unpaid wages where the employees are "similarly situated" and affirmatively opt in to the litigation by giving consent to become a party in a writing filed with the court. 29 U.S.C. § 216(b). District courts have discretion to implement § 216(b) by "'facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to [opt in] as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has adopted a "two-step method of certification in an opt-in collective action under the FLSA." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 401–02 (S.D.N.Y. 2012) (citing *Myers*, 624 F.3d at 554–55). At the first step, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," *Myers*, 624 F.3d at 555, and, if the court determines that notice is warranted, issue "a 'conditional certification' of the collective action," *Winfield*, 843 F. Supp. 2d at 402; *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) ("Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement."). At this stage, plaintiffs must make only a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (internal quotation marks omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Amador v. Morgan Stanley Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013)

---

[4] The TAC, inter alia, added opt-in Plaintiff Edgar Ocotoxtle as a named Plaintiff.

[5] On January 28, 2014, the Court received a letter from Plaintiffs' counsel requesting a conference to discuss Defendants' alleged "intimidation tactics" used against existing and putative Plaintiffs. (Doc. No. 85.) On January 31, 2014, the Court received a letter from Defendants disputing Plaintiffs' allegations and asserting improper behavior by Plaintiffs' counsel, including improperly contacting putative Plaintiffs. On March 5, 2014, the Court received a joint letter from the parties concerning a discovery dispute. (Doc. No. 87.) The resolution of the instant motion for conditional certification of the collective action should resolve some or all of the issues raised by the above-referenced letters. The parties are directed to notify the Court forthwith if a conference is still necessary or if disputes remain after compliance with this Order.

3

(internal citation marks omitted). Because the standard at the first stage is "fairly lenient," courts applying it "typically grant[] conditional certification." *Id.* (citing cases).

At the conditional certification stage, the court refrains from weighing the merits of the underlying claims, resolving factual disputes, and making credibility determinations. *See Lynch v. U.S. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations. Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated.") (citation omitted). "Upon finding that plaintiffs are 'similarly situated' with other potential opt-ins, a court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action continue as a collective action throughout the discovery process." *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472 (KBF), 2012 WL 1193836, at *3 (S.D.N.Y. Apr. 6, 2012) (internal quotation marks omitted). At the second stage of certification, following discovery, "the court undertakes a second inquiry, examining with a greater degree of scrutiny whether members of the plaintiff class, including those who have opted in, are similarly situated." *Canales, et al. v. 115 Broadway Corp., et al.*, No. 09 Civ. 4673 (RJS), 2009 WL 3029333, at *2 (S.D.N.Y. Sept. 22, 2009).

B. Analysis

1. Plaintiffs Are Similarly Situated

After reviewing the pleadings, declarations, and documentary evidence submitted in connection with the instant motion, the Court finds that Plaintiffs have satisfied their minimal burden of demonstrating that they were subject to a common policy or practice and were "similarly situated" to one another and to potential class members.

In an effort to defeat conditional certification, Defendants primarily rely on merits-based arguments, such as factual assertions that (1) maître d's are not managers, and (2) Plaintiffs were paid the proper overtime rate. The Court reiterates that weighing of the merits at this stage is inappropriate. To the extent that Defendants seek to contest Plaintiffs' allegations, they are doing so by improperly asking the Court to make credibility determinations and resolve factual disputes. As Judge Koeltl observed in a similar case:

> The defendants . . . argue that employees identified by the plaintiffs as managers were in fact maître d's who were entitled to tips and gratuities, and therefore the defendants did not retain any of the tips and gratuities and were entitled to the tip credit. This is a factual issue that reaches the merits of the plaintiffs' claims and is therefore inappropriate at this stage of the proceeding.

*Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ. 7557 (JGK), 2011 WL 2207517, at *5 (S.D.N.Y. June 6, 2011).

Here, Plaintiffs seek to represent "all servers, bussers, runners, bartenders, and hosts who worked for and participated in the tip pools of Defendants at any time since August 12, 2010." (Pls. Mem. at 2.) In other words, Plaintiffs define the collective as the tip-eligible employees who participated in the tip pools at the Restaurants. Because the collective includes all employees, other than managers, who

4

were included in the tip pools, the collective is similarly-situated by definition. Because every potential member of the collective allegedly participated in the tip pools, and the distribution of the tip pool is at issue, the members of the collective were subject to a common policy or plan.

\* \* \*

Because the Court finds that Plaintiffs have satisfied their minimal burden, Plaintiffs' motion for conditional certification of this case as a collective action pursuant to § 216(b) is granted. Accordingly, Plaintiffs may disseminate court-authorized notice to other potential members of the collective.

### 2. Plaintiffs' Proposed Notice

Having addressed whether to authorize notice, the Court next considers whether Plaintiffs' proposed notice is appropriate. (*See* Schulman Decl., Ex. 2.) Plaintiffs request that the Court order Defendants to post the notice and consent forms "in a conspicuous location at each Restaurant," and to facilitate "notice of this action via first class mail and e-mail to all servers, bussers, runners, bartenders, and hosts who worked for and participated in the tip pools of Defendants an any time since August 12, 2010 (the 'Collective')[.]" (Pls. Mem. at 2.) With respect to discovery, Plaintiffs argue that the Defendants should be required to produce "in Excel format" names, last known mailing addresses, last known phone numbers, last known e-mail addresses, dates and location(s) of employment, position(s) held, and social security numbers of all Collective members. (*Id.*).

By contrast, Defendants raise a series of objections to aspects of Plaintiffs' proposed notice, including: (1) the length of the proposed notice period (three-years, as opposed to two-years, based on the FLSA's three-year statute of limitations for willful violations); (2) the inclusion of hosts, bartenders, and bussers in the putative collective; (3) the notice's failure to warn opt-in plaintiffs that they could be liable for Defendants' litigation costs should Defendants ultimately prevail; (4) the notice's failure to advise opt-in plaintiffs that they are entitled to retain their own counsel; and (5) the notice's failure to specify the Court, rather than Plaintiffs' counsel, as the place to return opt-in notices. (Defs. Opp. 20–24.) Defendants also contest the scope of Plaintiffs' discovery requests, claiming that they "should not be required to produce information beyond the names and last known addresses of potential opt-in plaintiffs because disclosure would impact the privacy interests of potential class members." (*Id.* at 24–25.)

Although neither the FLSA nor the courts "have specifically outlined what form court-authorized notice should take," district courts have "broad discretion to craft appropriate notices in individual cases[.]" *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. Oct. 5, 2007). Having considered the arguments of both parties, the Court exercises its discretion and hereby directs Plaintiffs, by May 12, 2014, to re-submit a proposed Notice for Pendency and the Opt-In Consent Form with the following changes. (*See* Schulman Decl., Ex. 2.) First, the notice shall inform potential opt-in Plaintiffs that they may be represented by the attorney of their choice by including the following language: "You have the right to retain your own counsel if you wish to independently pursue your claims against the Defendants. In other words, you may also retain your own attorney to represent you if you join this case." Second, the parties shall include similar language to the consent form to the effect that opt-in Plaintiffs may be

5

represented by counsel of their choice. Third, because Plaintiffs allege willful violations of the FLSA and contemplate motions for equitable tolling for certain members, notice should be sent to all putative Collective members who worked for Defendants on or after August 12, 2010, which is three years after filing the operative Complaint that asserted FLSA claims. Upon approval of the revised notice, the Court will authorize notice of this action via first class mail and email, which shall be returned to Plaintiffs' counsel.

With respect to discovery, Plaintiffs are entitled to a list, in electronic format, of the names, mailing addresses, e-mail addresses, work locations, dates of employment, and position(s) held for all servers, bussers, runners, bartenders, and hosts who participated in the tip pools at the Restaurants at any time since August 12, 2010.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for conditional class certification and orders Defendants to produce to Plaintiffs, within twenty-one days, a list, in electronic format, of the names, mailing addresses e-mail addresses, work locations, dates of employment, and position(s) held of all servers, bussers, runners, bartenders, and hosts who participated in the tip pools at the Restaurants at any time since August 12, 2010. Accordingly, the Clerk of Court is respectfully directed to terminate the motions located at docket entries 28, 85, and 87.

The Plaintiffs are further directed, to submit, by May 12, 2014, a revised proposed Notice for Pendency and the Opt-In Consent Form with the changes specified in this Order.

The parties are reminded that all correspondence with the Court must be publicly docketed on ECF. Accordingly, Defendants are directed to docket their letter, dated January 31, 2014, submitted in response to Plaintiffs' letter (Doc. No. 85).

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: May 7, 2014
       New York, New York
             *   *   *

Plaintiffs are represented by D. Maimon Kirschenbaum and Denise Schulman, Esqs., of Joseph & Kirschenbaum LLP, 233 Broadway, Fifth Floor, New York, New York 10279; and Jeffrey Goldman, Esq., The Law Offices of Jeffrey E. Goldman, 501 Fifth Avenue, Suite 1900, New York, New York 10017.

Defendants are represented by Jeffrey Alan Meyer and Yale Brett Pollack of Kaufman, Dolowich, Voluck & Garzo, 1345 Crossways Park Drive, Suite 201, Woodbury, New York 11797.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/14