```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, *et al.*,

                Plaintiffs,

-v-

PHILIPPE LAJAUNIE, *et al.*,

                Defendants.

No. 13-cv-6503 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a motion from Plaintiffs (Doc. No. 210) seeking reconsideration of the Court's March 22, 2016 Opinion and Order (Doc. No. 208) granting partial summary judgment to Defendant Philippe LaJaunie on Plaintiffs' claims brought pursuant to New York Labor Law. For the reasons set forth below, the motion is denied.

    Where, as here, a party seeks reconsideration of a non-final order, *see Johnson v. Commodore Cruise Lines, Ltd.*, 897 F. Supp. 740, 746 n.7 (S.D.N.Y. 1995), Federal Rule of Civil Procedure 54(b) and Local Rule 6.3 authorize reconsideration under certain circumstances. The Second Circuit has "limited district courts' reconsideration of earlier decisions," holding that "those decisions may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *In re Fannie Mae 2008 ERISA Litig.*, No. 09–cv–1350 (PAC), 2014 WL 1577769, at *3 (S.D.N.Y. Apr. 21, 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir.2003)). Under the Rule 54(b) and Local Rule 6.3 standard, a court must be mindful that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Coopers & Lybrand, LLP,* 322 F.3d at 167 (citation and internal quotation marks

omitted)). Consequently, a motion for reconsideration should be denied unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal. In that situation, reconsideration saves the parties' (and the Circuit's) time by avoiding a second, unnecessary battle in the Court of Appeals. A strong likelihood of reversal exists, and thus reconsideration should be granted, where there is "an intervening change of controlling law, . . . new evidence, or [a] need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartkov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted). A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, Plaintiffs fail to meet this highly demanding standard. Specifically, Plaintiffs argue that the Court erred in concluding that the burden shifted to them to produce evidence that would create a genuine issue of material fact regarding LaJaunie's employer status. (Doc. No. 211 at 5–6.) They assert that LaJaunie's argument in his brief that Plaintiffs lack evidence to prove his employer status did not shift the summary judgment burden because LaJaunie cited no record evidence. (*Id.*; *see also* Doc. No. 208 at 15 (citing Doc. No. 166 at 17)).

But as the Second Circuit has recognized, "[a] defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part." *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). "[I]f the plaintiff fails in response to contest this assertion or adduce such evidence, defendant, without more, will prevail." *Giannullo v. City of New York*, 322 F.3d 139, 141 n.2 (2d Cir. 2003). Thus, a defendant is "not required to 'support its motion with affidavits or other similar materials *negating* the opponent's claim,'" and its burden "may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of

2

evidence to support the nonmoving party's case.'" *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 713 (2d Cir. 1991) (quoting *Celotex*, 477 U.S. 317, 323 (1986)) (emphasis in original). Not surprisingly, courts in this circuit have routinely held that even a defendant's conclusory assertion that plaintiff lacks evidence sufficient to prove its claim may shift the burden on summary judgment to that plaintiff. *See Webster v. City of New York*, 333 F.Supp.2d 184, 206 (S.D.N.Y. 2004) (holding that "conclusory assertion in [defendant's] memorandum of law that plaintiffs have no evidence to prove their case" shifted burden on summary judgment to plaintiffs); *see also Vaughn v. Consumer Home Mortg. Co.*, 297 F. App'x 23, 27 (2d Cir. 2008) (concluding that defendant discharged initial summary-judgment burden with "unsupported assertion that the property had not appreciated," since plaintiffs bore burden of proving damages); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469 (S.D.N.Y. 2008) (concluding that plaintiffs' argument in brief that defendants' "counterclaims lacked any factual support" shifted burden on summary judgment) (quotation marks omitted); *Feurtado v. City of New York*, 337 F. Supp. 2d 593, 599 (S.D.N.Y. 2004) (concluding that "[defendant's] assertion in its brief that there is no evidence of a *Monell* violation required [plaintiff] to furnish admissible evidence in support of his claim"). Thus, the Court finds no error in its conclusion that the burden shifted to Plaintiffs to produce evidence of LaJaunie's employer status under NYLL, and that because Plaintiffs failed to point to evidence of LaJaunie's employer status in either their brief or their Opposition 56.1 Statement, summary judgment dismissing NYLL claims against LaJaunie was appropriate.

Plaintiffs also assert that reconsideration is warranted because of the "extensive record evidence supporting a finding that LaJaunie was Class Members' employer." (Doc. No. 211 at 12.) While the existence of "new evidence" may warrant reconsideration, "the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon

3

the exercise of reasonable diligence at the time the interlocutory decision was rendered." *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, BK Jewelry (N.Y) Inc.*, No. 11-cv-2930 (LAP), 2015 WL 8481873, at *2 (S.D.N.Y. Oct. 14, 2015) (quoting *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004)). As Plaintiffs themselves acknowledge, they were well aware of evidence related to LaJaunie's employer status at the time they filed their summary judgment motion, but nonetheless failed to introduce it.[1] (Doc. No. 211 at 13.) Thus, the Court declines to set aside its summary judgment decision on this basis. *See Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88-cv-9127 (DNE), 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not set aside a judgment because a frustrated litigant failed to present on a motion for summary judgment all facts known by or reasonably available to him.").

Plaintiffs also aver that it would be "manifestly unjust" to dismiss their NYLL claims against LaJaunie because of their "good faith belief" that LaJaunie was "asserting a purely legal argument," which did not require them to respond with evidence. (Doc. No. 211 at 9.) However, the Court can conceive of no reason why Plaintiffs' experienced counsel's misapprehension of the law and failure to carefully review LaJaunie's submissions should require *LaJaunie* to relitigate an issue already briefed and decided by the Court.[2] Similarly, the Court rejects Plaintiffs' argument that it would be "manifestly unjust" to dismiss their NYLL

---

[1] Plaintiffs point to a handful of pieces of evidence that were buried among their numerous exhibits submitted at summary judgment that they claim are relevant to LaJaunie's employer status. (*Id.* at 14.) However, the Court had no obligation to consider facts that Plaintiffs failed to highlight in their Local Rule 56.1 Statement or in their brief. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). More importantly, the tidbits of evidence highlighted in Plaintiff's reconsideration brief in no way created a genuine dispute of material fact regarding LaJaunie's employer status. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

[2] The Court also rejects Plaintiffs' assertion that Defendants represented their argument regarding LaJaunie's employer status to be only "legal, and not factual" at oral argument. (Doc. No. 211 at 14 n.7.) In fact, while apparently acknowledging that they had mostly devoted their briefing to legal arguments regarding LaJaunie's status, Defendants' counsel also stated, "[t]here is also no record evidence to show or identify Mr. [LaJaunie] as an employer . . . . The burden is theirs to show that he's the employer. There's been no evidence raised." (Doc. No. 213 at 31:23–32:2.) Later, Defendant's counsel reiterated, "I think there is a lack of evidence across the entire record of this case that would show Mr. [LaJaunie] to be an employer under the Labor Law." (*Id.* at 32:7–9.)

claims against LaJaunie because of the *possibility* that Defendant LaBoucherie, Inc. may be "unable to pay a judgment in this case." (Doc. No. 211 at 15.) In addition to being highly speculative, this argument overlooks the fact that Plaintiffs should have been well aware of the corporate Defendants' financial condition at the time they briefed the summary-judgment motion. As a result, the Court is unpersuaded that failure to reconsider its March 22 Order will result in a manifest injustice.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 210.

SO ORDERED.

DATED:   New York, New York
         April 14, 2016

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE