

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Jeffery A. Meyer, Esq.
jmeyer@kdvlaw.com

**MEMO ENDORSED**

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/16

May 31, 2016

**VIA ECF**
The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

IT IS HEREBY ORDERED that Plaintiffs shall file a response, no later than June 3, 2016, indicating their position on Defendants' contemplated motion to withdraw as counsel and to stay the parties' discovery deadlines.

SO ORDERED
Dated: 5/31/16
RICHARD J. SULLIVAN
U.S.D.J.

Re:   *Murphy et al. v. LaJaunie et al.*
       Case Number: 13 CV 6503 (RJS)

Dear Judge Sullivan:

We represent the Defendants in the above referenced matter. We write, in accordance with Local Civil Rule 1.4, to request a pre-motion conference in anticipation of our motion to withdraw as counsel as a result of Defendants' failure to pay legal fees associated with the defense of this matter.

Local Civil Rule 1.4 permits the Court to relieve an attorney as counsel "upon a showing by affidavit, or otherwise, of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."

When considering whether to grant a motion to be relieved as counsel, Courts analyze two factors: (1) the reasons for withdrawal and; (2) the impact of the withdrawal on the timing of the proceeding. *Battino v. Cornelia Fifth Ave., LLC*, No. 09 C 04113, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013).

An attorney suffers an irreparable injury where he is forced to represent a client against his will to his own financial detriment. Accordingly, Courts have long recognized that a client's continued failure to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Civil Rule 1.4. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164 (E.D.N.Y. 2006); *Federal Home Loan Mortgage Corp. v. 41–50 78th St. Corp.*, No. 92–cv–5692, 1997 WL 177862 (E.D.N.Y. April 4, 1997); *HCC, Inc. v. R H & M Machine Co.*, No. 96–cv–4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *Kolacek v. Gemexco Trading, Inc.*, No. 90–cv–5760, 1992 WL 14991, at *1 (S.D.N.Y. Jan.23, 1992) ("A client's refusal to pay his

Hon. Richard J. Sullivan
May 25, 2016
Page 2 of 3

attorney is also a sufficient reason for permitting the attorney to withdraw."); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96–cv–2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (Same).

Here, to date, Defendants' owe outstanding fees of over $100,000 to our firm in connection with the defense of this matter.[1] Defendants have not made any payments toward our outstanding litigation invoices for several months. We have discussed this issue with our clients many times, to no avail. In addition to the financial injury our firm has already suffered, if we are compelled to continue to represent Defendants, we will spend significant time associated with the completion of class discovery, motion practice, trial preparation, trial, and any post-trial practice. As these tasks will take up the time of myself, my associate, and support staff, the continued financial injury that our firm will suffer will be considerable.

In making this application, we are mindful of the fact that the Court must weigh the impact of withdrawal on the progress of the action. We are also mindful of the decisions of various courts denying motions to withdraw made on the eve of trial. *See e.g. Bruce Lee Enterprises, LLC.* v. A.V.E.L.A., No. 10-CV-2333, 2014 WL 1087934 (S.D.N.Y. Mar. 19, 2014) (denying motion to withdraw filed one month before trial). The withdrawal of an attorney disrupts the prosecution of an action regardless of when it occurs. Moreover, the trial in this matter is not days, weeks, or even a month away. Indeed, class discovery is not yet complete, class notices have not been sent out, pre-trial filings are not due for months, and trial is not scheduled to commence until mid-September. Accordingly, in light of the considerable prejudice our firm will suffer if we must continue to represent Defendants without payment, the current procedural posture of this case does not require that Defendants' motion be denied. *See Kariman v. Time Equities, Inc.*, No. 10 CV 3773, 2011 WL 1900092 (S.D.N.Y. May 11, 2011) (motion to withdraw granted even though trial was "several months" away). Indeed, with an appropriate stay of proceedings, a new attorney should be able to become familiar with this matter and proceed with the representation of Defendants.

In addition, to minimize any impact on the prosecution of this matter, we will not seek a retaining lien. Although we fully intend to collect our outstanding fees from Defendants, we will make our file fully available to subsequent counsel.

We have informed Defendants of our intention to file this motion. Philipe Lajaunie, the individual Defendant, understands that he may proceed *pro se,* but must obtain counsel to represents the various corporate Defendants if our motion is granted. Likewise, Mr. Lajaunie understands that he must attend any hearing that may be scheduled as a result of this motion. Mr. Lajaunie has advised us that he is available to attend a hearing on any day prior to June 20, 2016. He will be travelling out of the country from June 21st to July 5th.

---

[1] If requested, we will submit our outstanding invoices to the Court for *in camera* review.

Hon. Richard J. Sullivan
May 31, 2016
Page 3 of 3

      Therefore, in accordance with the foregoing, we respectfully request that the Court enter an Order relieving our firm as counsel for all Defendants and staying this matter for 30 days to afford Defendants an opportunity to find new counsel. In addition, we respectfully request that the Court temporarily stay all class discovery deadlines until a hearing on this motion can be held.

      Thank you for your consideration of the foregoing.

      Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Jeffery A. Meyer, Esq.

CC:   All Counsel, Via ECF
       Defendants c/o Philipe Lajaunie, by email.

4822-8173-6498, v. 1