JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

June 3, 2016

**VIA ECF AND E-MAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Murphy v. LaJaunie
               No. 13 Civ. 6503 (RJS)

Dear Judge Sullivan:

      Together with the Law Offices of Jeffrey E. Goldman, we are Class Counsel in the above-referenced action. We write in response to Defendants' counsel's May 31, 2016 letter requesting a pre-motion conference in anticipation of their motion to withdraw as counsel. The Court should not grant Defendants' counsel's motion. Defendants' counsel's withdrawal at this stage of litigation would significantly delay the ultimate resolution of this case, inconvenience the Court, and prejudice Plaintiffs. Accordingly, their request to withdraw from representing the Defendants should be denied.

      In deciding a motion to withdraw as counsel, a court should consider "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (quotation marks and alterations omitted). In this case, withdrawal of defense counsel at this late date will delay the trial and prejudice Plaintiffs.

      On April 15, 2016, the Court held a conference with the parties and set deadlines for the remainder of this case. Based on the Order issued that day, pre-trial filings are due August 1, 2016, and the trial is scheduled to begin on September 12, 2016. If Defendants' counsel's request to withdraw and for a 30 day stay of proceedings is granted, it is highly unlikely that pre-trial filings can be made by August 1, 2016 or that the September 12, 2016 trial date will stand. If Defendants obtain new counsel during a 30-day stay, that new counsel will have to familiarize him- or herself with the extensive record in this case, including over 40,000 documents (not including the class discovery yet to be produced) and 17 depositions, in order to prepare the pre-trial filings. The joint pre-trial order, jury instructions, verdict form, and *voir dire* must be jointly prepared by the parties. It is difficult to imagine that after the expiration of a 30 day stay there would be sufficient time for new defense counsel to familiarize him- or herself with the case and then confer with Plaintiffs to finalize the joint pre-trial filings by August 1, 2016.

1

On the other hand, if Defendants do not obtain new counsel, Plaintiffs will be entitled to entry of default against the Corporate Defendants. The parties would then proceed to trial on the Fair Labor Standards Act claims only, as those are the only claims for which Philippe LaJaunie is still an Individual Defendant. If Defendant LaJaunie were to proceed *pro se*, it is also doubtful that the August 1, 2016 pre-trial filing deadline could be met since, as a *pro se* litigant, he would likely require more time than an attorney to prepare the necessary papers. Moreover, as the claims going to trial would be different depending on whether or not Defendants were able to obtain new counsel, it would be difficult for Plaintiffs to draft pre-trial filings without knowing whether or not Defendants have representation. All of these factors will almost inevitably lead to a delay of the September 12, 2016 trial in this matter. Moreover, as Plaintiffs' counsel has another trial scheduled the week of September 26, 2016 and there are Jewish holidays every week in October, the earliest date an adjourned trial could begin would be in November 2016, if the Court has availability then.

This substantial trial delay will disrupt the prosecution of this case, prejudice Plaintiffs, and inconvenience the Court. This case has been pending before this Court for nearly three years. During that time, one of Defendants' restaurants has closed, likely reducing the resources available to pay a judgment. Many of Defendants' senior management employees are no longer employed by Defendants and may be unreachable or unavailable as witnesses. Further delay of trial will only exacerbate these issues. Accordingly, Defendants' counsel should not be permitted to withdraw. *See Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 U.S. Dist. LEXIS 7796 (S.D.N.Y. June 7, 1996) (denying motion to withdraw where, *inter alia*, the court was "concerned that any further delay in taking discovery will unfairly prejudice the plaintiff").

In any event, the Court should not retroactively stay the June 1, 2016 deadline for Defendants to provide the class list or adjourn the June 16, 2016 class discovery deadline. Plaintiffs' counsel have worked diligently since the April 15, 2016 conference to obtain outstanding discovery from Opt-In Plaintiffs,[1] and it appeared that Defendants' counsel did the same. Defendants' counsel repeatedly – and as late as May 17, 2016 – communicated with Plaintiffs' counsel in order to identify the payroll records that Defendants needed to produce.

The timing of Defendants' counsel's pre-motion letter – filed the day before the class list was due[2] – underscores the bad faith of the proposed motion to withdraw. If Defendants' counsel have indeed been working to meet their discovery obligations since the April 15, 2016 conference, the class list should have been entirely or nearly completed by the time they filed their pre-motion letter on May 31, 2016. Similarly, they should have made substantial progress towards compiling the outstanding class discovery by May 31, 2016. Plaintiffs need the class list so that notice can be mailed and class members who do not want to participate in this case can opt-out before trial. Plaintiffs also need the outstanding class discovery in order to adequately

---

[1] In accordance with the Court's April 15, 2016 Order, on June 1, 2016 Plaintiffs' counsel produced to Defendants the additional discovery from Opt-In Plaintiffs that we obtained.

[2] Notably, Defendants' counsel have failed to explain why they waited until this late date to seek to withdraw. Based on their pre-motion letter, it appears that Defendants were already in arrears when the Court held the April 15, 2016 conference.

prepare for trial.  There is no reason for Defendants' counsel to withhold such important discovery that should have been entirely or substantially completed by now.

If, however, Defendants counsel have not been working to fulfill their discovery obligations because they intended to seek permission to withdraw, they should have notified the Court earlier so that the various deadlines would have been minimally – if at all – affected.  By waiting until this late date to seek to withdraw, Defendants' counsel effectively attempt to "tie the Court's hands" by increasing the likelihood that the opt-out period will not close before pre-trial filings, making delay of the ultimate resolution of this case virtually inevitable.  In light of the above, if the Court finds it appropriate Plaintiffs will seek sanctions against Defendants' counsel and/or Defendants pursuant to Fed. R. Civ. P. 16(f) for disregarding this Court's clear order to produce the class list by June 1, 2016.

For the foregoing reasons, the Court should deny Defendants' counsel's anticipated motion.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)

3