JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

July 8, 2016

**VIA ECF AND E-MAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: Murphy v. LaJaunie
     No. 13 Civ. 6503 (RJS)

Dear Judge Sullivan:

  Together with the Law Offices of Jeffrey E. Goldman, we are class counsel in the above-referenced action. In accordance with the Court's July 6, 2016 order, we submit this letter in response to Defendants' July 8, 2016 letter. We have reviewed the 12 boxes of documents Defendants delivered today, which for the most part contain the documents set forth in Defendants' July 1, 2016 letter. Defendants' haphazard and piecemeal production of documents – only a portion of which are actually responsive to this Court's April 15, 2016 Order ("Order"), leaving much of that Order unfulfilled – further illustrates Defendants' complete disregard of the Court's Order and their intent not to cooperate with Plaintiffs' counsel in readying this matter for trial.

  The 12 boxes Defendants produced today consist of 11 boxes of payroll records/payroll journals[1], and one box of payroll records and tip sheets. Other than dumping these 12 boxes on Plaintiffs' counsel, neither Defendants nor their counsel took any steps to explain how their production matches up with the requirements of the Court's Order. Astoundingly, Defendants' July 8, 2016 letter does not even try to address this issue. In any event, a good portion, if not the majority, of the discovery Defendants have been ordered to produce remains outstanding in

---

[1] Based on our review of the payroll records, we believe Defendants' inventory of the payroll records' dates is substantially correct. We do have some disagreements as to the dates of the payroll records produced. However, we do not believe these disagreements are material to the determination of whether Defendants should be sanctioned.

1

complete defiance of this Court's Orders. Plaintiffs address briefly the status of each category of discovery set forth in the April 15, 2016 Order:

1. **Class member time records from September 5, 2006 to February 26, 2011.** Defendants have produced no additional documents from this category since Plaintiffs submitted their June 29, 2016 letter. In addition, Defendants do not even bother to address, let alone explain, this deficiency.

2. **Class member payroll records from July 29, 2009 to December 31, 2010.** Most of the outstanding documents from this category were produced today. However, some weeks are still missing. As Defendants previously produced redacted payroll records from all of 2009 and 2010 for both restaurants, there is no reason for Defendants not to provide all responsive documents.

3. **Class member year-end payroll reports for 2006 to 2015, and year-to-date payroll reports for 2016.** For most of the years at issue, Defendants have not produced any year-end payroll reports.

    For 2009 only, today's document production appears to include year-end reports for both locations. In addition, today's production includes what appear to be documents with year-to-date information for both locations from December 2010 and for the John Street location in December 2011. However, these documents appear to have been prepared prior to the last payroll run of the year. As such, they do not seem to be true year-end payroll reports.

    In any event, for the other years, there are no reports at all.

4. **Identities and dates of employment of all maitre d's.** Defendants have still not provided this information. As set forth in Plaintiffs' June 29, 2016 letter, because this is a request for information, not documents, Defendants have no legitimate excuse for their failure to provide this information.

5. **Maitre d's year-end payroll reports for 2006 to 2015.** Presumably the maitre d's are included in the documents identified with respect to class member year-end payroll reports. However, Plaintiffs cannot identify the maitre d's in those records because Defendants have failed to comply with the Court's Order to identify the maitre d's. In any event, as stated above, most year-end reports have not been produced.

6. **Outstanding Opt-In Plaintiff payroll records.** Most of these documents were produced in today's production. However, there are still missing records from the time periods not included in today's production.

7. **Unredacted tip sheets from September 5, 2006 to the present.** The tip sheets included in today's production are primarily from time periods for which tip sheets were previously produced. Thus, the status of this category of documents is largely unchanged from that as of Plaintiff's June 29, 2016 letter.

In addition to the missing discovery, Defendants' blasé attitude with respect to their deficiencies indicates that (1) they will not cooperate in further discovery without the Court's micromanagement and (2) even then they will continue to defy this Court's Orders. Crucially, Defendants still have not explained why the outstanding discovery remains outstanding or what steps they have taken to meet their discovery obligations. Defendants have not and cannot explain why they could not recover year-end payroll reports and other payroll records from their payroll service providers. Nor have they explained why, nearly a month after discovery was due, they have not run class member timekeeping reports from their point of sale system. Remarkably, Defendants have not even told the Court why the 12 boxes of documents produced today were not found and produced earlier. In light of today's document production, which included some responsive documents, it is clear that Defendants falsely represented to the Court on June 28, 2016 that they had produced all responsive documents in their possession.

Defendants' grossly incomplete and piecemeal response to this Court's Orders to produce crucial documents and information have, for obvious reasons, made it close to impossible for Plaintiffs to efficiently prepare for trial. This pattern has repeated itself three times: (1) Defendants failed to comply with the Court's April 15, 2016 Order to produce discovery by June 16, 2016; (2) Defendants failed to comply with the Court's June 21, 2016 Order to produce the discovery set forth in April 15, 2016 Order by June 28, 2016, under threat of sanctions, and misrepresented to the Court that they had produced all responsive documents in their possession; and (3) after being Ordered to show cause why they should not be sanctioned on June 29, 2016, on July 6, 2016 Defendants advised the Court that they had found additional responsive documents. However, as set forth herein, a large portion of discovery is still outstanding.

Instead of complying with the Court's Orders aimed at efficiently moving this case to trial, Defendants have dragged their feet in complete defiance of the Court's Orders. It is patently unfair to the Court and to Plaintiffs to proceed in the haphazard and time consuming endeavor of preparing a large class action for trial on a record that is largely incomplete and changes in small increments at Defendants' whim. Accordingly, and for the reasons set forth in Plaintiffs' June 29, 2016 letter, we respectfully request that the Court (1) reinstate the New York Labor Law claims against Defendant LaJaunie; (2) enter a default judgment against all Defendants; and (3) award Plaintiffs their reasonable expenses, including attorneys' fees, in connection with this dispute.

We thank the Court for its attention to this matter.

Respectfully submitted,

D. Maimon Kirschenbaum

cc: All Counsel (via ECF)