JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

July 21, 2016

**VIA ECF AND E-MAIL**

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Murphy v. LaJaunie
                No. 13 Civ. 6503 (RJS)

Dear Judge Sullivan:

      Together with the Law Offices of Jeffrey E. Goldman ("Goldman"), we are class counsel in the above-referenced action. In accordance with the Court's July 14, 2016 Order, we submit this letter in support of our request for attorneys' fees incurred as a result of Defendants' violation of this Court's recent discovery Orders. The Orders at issue are (1) the April 15, 2016 Order (Dkt. No. 219) requiring Defendants to produce certain discovery; (2) the June 21, 2016 Order (Dkt. No. 224) requiring Defendants to comply with the April 15, 2016 Order and provide a status update to the Court by June 28, 2016 and requiring Plaintiffs to respond to Defendants' letter by June 29, 2016; (3) the June 29, 2016 Order (Dkt. No. 227) requiring Defendants to respond to Plaintiffs' June 29, 2016 letter by July 1, 2016; and (4) the July 6, 2016 Order (Dkt. No. 235) requiring Defendants to produce additional documents and provide a status update to the Court by July 8, 2016 and requiring Plaintiffs to respond to Defendants' letter by July 11, 2016 (the April 15, 2016, June 21, 2016, June 29, 2016, and July 6, 2016 Orders are collectively referred to herein as the "Discovery Orders").

      As this Court has explained:

> The Second Circuit has recognized that a district court has "considerable discretion" in determining a reasonable attorneys' fee amount and that the lodestar method results in a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of*

1

*Elections*, 522 F.3d 182, 190, 183 (2d Cir. 2008). Under the lodestar method, a court must first set a "reasonable hourly rate" for each attorney and staff member, keeping in mind all case-specific variables. Second, the court must determine the number of hours reasonably expended. Third, it must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the "presumptively reasonable fee." See *Margolies v. Cty of Putnum N.Y.*, No. 09-cv-2061 (RKE) (GAY), 2011 U.S. Dist. LEXIS 17767, 2011 WL 721698, at *1 (S.D.N.Y. Feb. 23, 2011).

*Midamines SPRL Ltd. v. KBC Bank NV*, No. 12 CV 8089 (RJS), 2016 U.S. Dist. LEXIS 34565, at *5-6, 2016 WL 1071028 (S.D.N.Y. Mar. 16, 2016) (Sullivan, J.). Plaintiffs now seek a total of $13,870 in attorneys' fees: $5,580 for 12.4 hours worked by Joseph & Kirschenbaum LLP ("JK") partner D. Maimon Kirschenbaum at a rate of $450, $7,840 for 22.4 hours worked by JK association Denise A. Schulman at a rate of $350, and $450 for 1 hour worked by Goldman principal Jeffrey E. Goldman at a rate of $450.

I. **Class Counsel's reasonable time expended**

As set forth by the Court in its July 14, 2016 Order, Plaintiffs must show that the attorneys' fees they now seek to recover "were a direct result of [Defendants'] violation of the Court's April 15 Order or other recent discovery orders[.]" (July 14, 2016 Order at 14 (internal quotation mark omitted). Class counsel's contemporaneous time records for the work for which Plaintiffs now seek a fee award are attached hereto as Exhibit 1.[1]

Plaintiffs seek attorneys' fees for time class counsel spent (1) preparing for and attending the June 21, 2016 Court conference addressing Defendants' failure to comply with the April 15, 2016 Order; (2) reviewing the Discovery Orders; (3) reviewing the boxes of documents Defendants produced to determine whether they had complied with the Discovery Orders; (4) drafting letters as required by the Discovery Orders and otherwise responding to Defendants' letters regarding the status of discovery; and (5) preparing this fee application. An award for this time is appropriate because class counsel would not have had to perform this work if Defendants had complied with the Discovery Orders. Thus, the accrual of these fees was "caused by [Defendants'] failure" to comply with the Discovery Orders. Fed. R. Civ. P. 37(b)(2)(C).

Specifically, if Defendants had complied with the April 15, 2016, Order, their non-compliance would not have been addressed at the June 21, 2016 conference, the Court would not have issued its June 21, 2016 Order, and Plaintiffs would not have had to draft the letter they submitted on June 29, 2016.[2] Moreover, if Defendants had fully complied with the June 21,

---

[1] Class counsel exercised billing judgment by omitting and not seeking reimbursement for duplicative time entries. *See Santa Fe Natural Tobacco Co. v. Spitzer*, Nos. 00 Civ. 7274, 00 Civ. 7750, 2002 U.S. Dist. LEXIS 5384, at *9-10, 2002 WL 498631 (S.D.N.Y. Mar. 29, 2002).

[2] Because the Court Ordered Plaintiffs to make this fee application by letter, we have not submitted a declaration. Most of the facts discussed in this letter are discernable from the record.

2016 Order by producing all outstanding discovery by June 28, 2016, it would have taken class counsel far less time to draft Plaintiffs' June 29, 2016 letter. Class counsel also had to review the 10 boxes of documents that Defendants produced on June 27 and 28, 2016 in order to evaluate their compliance with the April 15 and June 21, 2016 Orders.[3] Defendants increased the amount of time it took to review these boxes by producing mostly non-responsive documents.

On July 1, 2016, as ordered by the Court, Defendants submitted a letter responding to Plaintiffs' June 29, 2016 letter and setting forth why they believed certain sanctions were unwarranted for the failure to comply with the Discovery Orders. That same day, Plaintiffs drafted and filed a responsive letter to clarify a mischaracterization in Defendants' letter. As Defendants' July 1, 2016 letter was a direct result of their failure to comply with the April 15 and June 21, 2016 Orders, Plaintiffs would not have drafted their July 1, 2016 letter had Defendants fulfilled their discovery obligations.

Because of Defendants' piecemeal production and continued non-compliance with the Discovery Orders, class counsel had to review additional newly produced documents on July 8, 2016 and then draft a letter to the Court, in compliance with the July 6, 2016 Order.

Finally, "[a] party awarded attorney's fees is also entitled to compensation 'for time reasonably spent in preparing and defending' the fee application." *Ceglia v. Zuckerberg*, No. 10-CV-00569A, 2013 U.S. Dist. LEXIS 66728, at *14-15, 2013 WL 2535849 (W.D.N.Y. May 9, 2013) (citing *Weyant v. Okst*, 198 F.3d 311, 216 (2d Cir. 1999)). Accordingly, Plaintiffs seek attorneys' fees for the time spent preparing this fee application.

For the foregoing reasons, the work for which Plaintiffs seek an award of attorneys' fees was caused by Defendants' non-compliance with the Discovery Orders, and the hours spent on that work are reasonable.

## II. Class Counsel's reasonable rates

To determine a reasonable rate, "a court looks to the 'prevailing market rate, i.e., the rate prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Margolies*, 2016 U.S. Dist. LEXIS 34565, at *6. Applying this analysis, Class Counsel seeks a rate of $450 per hour for D. Maimon Kirschenbaum and Jeffrey E. Goldman and $350 per hour for Denise A. Schulman.

---

However, in the event the Court determines that these facts should be set forth in a declaration, class counsel will provide one.

[3] As set forth in Plaintiffs' June 29, 2016 letter, it took class counsel 2 to 3 hours to perform an initial review of the June 27 and 28, 2016 production and determine the categories of documents produced. Class counsel's time records reflect additional document review because after this initial review, class counsel undertook a more in depth review to identify the time periods for which responsive documents were produced.

3

Mr. Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at JK since then. He became a partner of the firm in May 2007. He has spent his career representing workers, particularly workers in the hospitality industry, in both class action and individual lawsuits. Ms. Schulman graduated from New York University School of Law in 2008 and joined JK in 2009, where she is an associate. Like Mr. Kirschenbaum, throughout her tenure at JK Ms. Schulman has represented workers in both class action and individual lawsuits.

Mr. Kirschenbaum and Ms. Schulman have worked together on cases that have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See, e.g.*, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011) (affirming class certification and holding that in FLSA actions pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class based under Fed. R. Civ. P. 23); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities, applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim). Courts – including this Court – have acknowledged Mr. Kirschenbaum's and Ms. Schulman's skill and expertise. *E.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 CV 5008 (RJS), at 20:1-3 (S.D.N.Y. Dec. 22, 2015) (Sullivan, J.) (transcript attached hereto as Exhibit 2) ("I think Mr. Kirschenbaum and Ms. Schulman and their firm are the best in breed – of firms doing this kind of work."); *see also, e.g.*, *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 U.S. Dist. LEXIS 144651, at *21, 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012).

Mr. Goldman is the principal attorney at the Law Offices of Jeffrey E. Goldman. Mr. Goldman graduated from the Beasley School of Law at Temple University in Philadelphia in 1992. He has been practicing been practicing employment law for over 20 years. Mr. Goldman served as Co-Chair of the Philadelphia Chapter of the National Employment Lawyer's Association, and has spoken at various conventions and engagements focusing on employment-law. Mr. Goldman worked in the restaurant class action arena since 2002, litigating or arbitrating many cases. He was an early pioneer in the field when he filed his first class action against Morton's of Chicago in 2002. Mr. Goldman was lead counsel or co-lead counsel on lawsuits against several prominent restaurant chains, including Del Friscos, Jean-Georges, Morton's, and Le Marais.

Based on the foregoing, rates of $450 for Mr. Kirschenbaum and Mr. Goldman (who has more years of experience than Mr. Kirschenbaum) and $350 for Ms. Schulman are reasonable. In December 2015, this Court found that rates of $450 for Mr. Kirschenbaum and $300 for Ms. Schulman were reasonable. *Lola*, No. 13 CV 5008 (RJS), at 7:4-12, 19:24-20:7 (Dec. 22, 2015). A somewhat higher rate for Ms. Schulman is reasonable, however, as courts in this District have recently approved a $350 rate for senior associates with similar experience. *E.g.*, *Mills v. Capital One, N.A.*, No. 13 Civ. 1937, 2015 U.S. Dist. LEXIS 133530, 2015 WL 5730008 (S.D.N.Y. Sept. 30, 2015) (finding rate of $350 reasonable for associate with eight years experience); *Powell v. Metro One Loss Prevention Servs. Group (Guard Division NY), Inc.*, No. 12 CV 4221, 2015 U.S. Dist. LEXIS 168974, 2015 WL 9287121 (S.D.N.Y. Feb. 5, 2015), *adopted by* 2015 U.S. Dist. LEXIS 168963, 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015); *see also, e.g.*, *Rozell v.*

*Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) (applying rate of $350 to work performed by associates who graduated law school approximately seven years earlier.

      Accordingly, Plaintiffs respectfully request that the Court award attorneys' fees based on rates of $450 per hour for Mr. Kirschenbaum and Mr. Goldman and $350 for Ms. Schulman. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)