

Jeffery A. Meyer, Esq.
jmeyer@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

July 21, 2016

**VIA ECF**
The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Murphy et al. v. LaJaunie et al.*
        *Case Number: 13 CV 6503 (RJS)*

Dear Judge Sullivan:

We represent the Defendants in the above referenced matter. We write in response to the Court's Order directing Defendants to show cause why the Court should not re-open summary judgment briefing pursuant to Fed. R. Civ. P. 54(b) and Local Civil Rule 6.3.

The Second Circuit has ruled that the standard for reconsideration is strict as the decisions of a District Court may not "usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *See Official Comm. Of the Unsecured Creditors of Color Title, Inc., v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir. 2003). Regardless of what the basis for reconsideration is, even if a Court is inclined to consider awarding such extreme relief, "courts should be loathe to do so in the absence of extraordinary circumstances." *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817 (1988).

This Court has already denied reconsideration once and, subsequent to that decision, the controlling law has not changed and no newly discovered evidence has surfaced. Accordingly, to the extent that the Court is contemplating reconsideration now, its decision can only supported by the extraordinary finding of a need to prevent "manifest injustice."

"In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable." *See Corpac v. Rubin & Rothman, LLC,* 10 F.Supp.3d 349, 354 (E.D.N.Y. 2013) *citing Idowu v. Middleton,* 12-CV-1238 (BSJ) (KNF), 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013); *In re Palermo*, No. 08-CV-7421 (RPP), 2011 WL 446209 at *8 (S.D.N.Y. Feb. 7, 2011). Moreover, at least one Court in this District has observed that reconsideration to correct a "manifest injustice" requires a Court to conclude that its prior decision was "dead wrong." *Crash at Belle Harbor, New York on*

Hon. Richard J. Sullivan
July 21, 2016
Page 2

*November 12, 2001,* Nos. 02 MDL 1448(RWS), 02 Civ. 439(RWS), 02 Civ. 3143(RWS), 2007 WL 4563485, at \*1 n. 1 (S.D.N.Y. Dec. 18, 2007).

This Court granted summary judgment to Defendant Philipe Lajaunie dismissing Plaintiffs' NYLL claims against him because Plaintiffs failed to put forth evidence demonstrating the existence of a triable issue of fact as to Lajaunie's "employer" status. Plaintiffs unsuccessfully sought reconsideration of that decision, by motion, once before.  In that motion, Plaintiffs argued that it would be "manifestly unjust" to dismiss their NYLL claims against Lajaunie because of the *possibility* that the remaining Defendants may be "unable to pay a judgment in this case" due to the Corporate Defendants dire financial condition.[1] *See* Dkt. # 218 at pg. 5.  In addition to being speculative, this Court observed that Plaintiffs were "well aware of the Corporate Defendants' financial condition" when the summary judgment motion was briefed.  Moreover, although Plaintiffs attempted to point to evidence that they claim established Lajaunie's "employer" status, the Court held that "the tidbits of evidence highlighted in Plaintiff's reconsideration brief in no way created a genuine dispute of material fact." *See Id.* at pg. 4 n. 2.  For these reasons, the Court ruled that Plaintiffs failed to demonstrate the existence of "manifest injustice" warranting reconsideration.

At this juncture, reconsideration requires the Court to consider what has changed between April 14, 2016, the date that the Court denied Plaintiffs' last motion, and now.  Defendants' financial condition is currently critically strained, but it was also seriously strained when the Court denied Plaintiffs' motion for reconsideration.  Accordingly, Defendants' ability to satisfy a potential judgment has not changed.

Indeed, the only thing that has changed is the Court's finding that Defendants failed to comply with its class discovery orders.  To the extent the Court made such a finding, this occurred not because Defendants seek to render themselves judgment proof, but because they did not have the resources to produce discovery in compliance with the Court's schedule.  However, it should be noted that Defendants produced approximately 22 boxes of materials which included documents responsive to the Court's Orders.

In order for the Court to revive Plaintiff's NYLL claims against Lajaunie to correct a "manifest injustice," it must conclude that its March 22nd and April 14th decisions were obviously, directly, observably, or just plain "dead" wrong.  Although non-compliance is inexcusable, there is no relationship between Defendants' apparent failure to provide discovery and the propriety of the Court's previous decisions.  This is because the Court's finding that Defendants' were non-compliant with its orders provides no basis for the Court to conclude that its previous decisions were manifestly incorrect.

---

[1] In Plaintiffs' memorandum of law supporting their motion for re-consideration, Plaintiffs failed to cite to any precedent where a Court reconsidered dismissal of claims as to a party because of a concern that an eventual judgment on the remaining claims would not be collectable.

Hon. Richard J. Sullivan
July 21, 2016
Page 3

Moreover, although the present briefing schedule does not permit Defendants an opportunity to respond to whatever evidence Plaintiffs may present next week, the Court has already considered Plaintiffs' evidentiary arguments regarding Lajaunie's "employer" status and found them unavailing. Defendants submit that it is unlikely that Plaintiffs have anything more compelling to offer than that which was put before the Court in their motion for reconsideration. Accordingly, if the Court were to reinstate Plaintiff's NYLL claims, it would have to reverse its own ruling and conclude that the evidence presently before it presents an issue of fact which did not exist before.

Defendants do not dispute that the Court has broad authority to sanction a party for its failure to provide discovery. It can impose monetary fines, award an adverse inference, preclude evidence and testimony, or even strike a pleading. However, litigants are entitled to rely upon the finality of a Court's rulings. As this Court has observed, "once litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Coopers & Lybrand*, LLP, 322 F.3d, at 167. Accordingly, although the Court has broad authority to impose sanctions to rectify non-compliance with discovery orders, that authority does not give a Court license to take the extraordinary step of reversing its own decisions and reinstating claims that have been duly dismissed. To do so would be unprecedented.

Thank you for your consideration of the foregoing.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Jeffery A. Meyer, Esq.

CC:   All counsel by ECF
      Philipe Lajaunie, by email

4816-6151-1989, v. 1