UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ETHAN MURPHY, STEPHANIE CASTILLO,
CHRISTOPHER L. SCOTT, LOGAN SCOTT, NICOLE
CLOUSE, NYAMKA AYINOLA, EDGAR OCOTOXTLE,
and EFRAIN RAMIREZ, on behalf of themselves and
others similarly situated,

Case No.: 13-CV-6503 (RJS)

                              Plaintiff,

       -against-

PHILIPPE LAJAUNIE, LA BOUCHERIE INC., 15 JOHN
CORP., LHLM GROUP, CORP. a/k/a BRASSERIE LES
HALLES NEW YORK and XYZ CORP.,

                              Defendants.
------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A DOCUMENT UNDER SEAL

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*
By: Jeffery A. Meyer, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

APPLICABLE STANDARD ..................................................................................................... 1

POINT I ..................................................................................................................................... 3

    DEFENDANTS' JULY 20, 2016 LETTER TO THE COURT IS NOT A "JUDICAL DOCUMENT" TO WHICH THE PRESUMTPION OF ACCESS APPLIES ........................ 3

POINT II .................................................................................................................................... 4

    TO THE EXTENT THE COURT CONCLUDES THAT DEFENDANTS' LETTER IS A "JUDICIAL DOCUMENT," DEFENDANTS' PRIVACY INTERESTS OUTWEIGH THE PUBLIC'S RIGHT TO ACCESS

POINT III ................................................................................................................................... 5

    DEFENDANTS' JULY 20, 2016 LETTER MOTION TO BE RELIEVED AS COUNSEL SHOULD BE FILED UNDER SEAL

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases** .................................................................................................................... **Page No.**

*DiRussa v. Dean Witter Reynolds Inc.,*
121 F.3d 818, 826 (2d Cir. 1997) ........................................................................................ 2

*Lugosch, v. Pyramid Co. of Onondaga,*
435 F.3d 110, 119 (2d Cir. 2006) ................................................................................. *passim*

*Nixon v. Warner Commc'ns, Inc.,*
435 U.S. 589, 597 (1978) ..................................................................................................... 2

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd. ,*
464 F.Supp.2d 164, 165 (E.D.N.Y. 2006) ........................................................................... 6

*United States v. Amodeo*
71 F.3d 1044, 1048 (2d Cir. 1995) ...................................................................................... 2

*U.S. v. Lawrence,*
167 F.Supp.2d 504, 508 (N.D.N.Y. 2001) ........................................................................... 3

*Weinberger v. Provident Life & Cas. Ins. Co.,*
No. 97-CV-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ................................. 6


**Statutes** .................................................................................................................... **Page No.**

Local Civil Rule 1.4 .............................................................................................................. 6

## PRELIMINARY STATEMENT

Defendants Philippe LaJaunie, La Boucherie, Inc. and 15 John Corp. (collectively "Defendants") respectfully submit this Memorandum of Law, with the accompanying declaration and exhibit annexed thereto, in support of their motion for leave to file a document under seal.

Defendants wish our office to submit a letter to the Court that consists largely of their complaints about their counsel, class counsel, and this Court's orders. From our perspective, Defendants' letter is of no judicial value. Rather, it contains Defendants' account of privileged discussions that allegedly occurred and numerous admissions that would otherwise harm Defendants position in this litigation. Accordingly, although we dispute the content of Defendants' letter entirely, and although we would not submit same on Defendants' behalf absent being directly compelled by Defendants' to do so, we respectfully request permission to file Defendants' letter under seal.

In addition, although we make this motion largely to protect Defendants from themselves, our conflict with our clients has become irreconcilable. Accordingly, for the reasons set forth herein, we respectfully request permission to re-submit our July 20, 2016 application to be relieved as counsel, and any further related submission the Court may require, under seal.

## ARGUMENT

## APPLICABLE STANDARD

Defendants do not dispute that it is well established that common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents. *Lugosch, v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Such transparency is pivotal to public perception of the judiciary's legitimacy and independence. *See*

1

*United States v. Amodeo* 71 F.3d 1044, 1048 (2d Cir. 1995) ("The presumption of access is based on the need for federal courts…to have a measure of accountability and for the public to have confidence in the administration of justice.").

The public's right of access to court documents, however, is not absolute. Rather it is left to the discretion of the trial court which must be exercised in light of the relevant facts and circumstances of each particular case. *See Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597 (1978). The burden of persuading a Court to exercise its discretion to seal or redact a document rests on the party seeking such action. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

In determining whether such discretion should be exercised, Courts consider three factors. First, a Court must determine whether the documents at issue are "judicial documents" to which a presumption of access applies. *Lugosch,* 435 F.3d at 119-20. If the document at issue is a judicial document, the Court must determine what weight to assign to the presumption of access. *Id.* At 119. This "weight…must be governed by the role of the material at issue in the exercise of [the Court's] judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* After determining the weight of the presumption of access, the Court must "balance competing considerations against it." *Lugosch,* 435 F.3d at 120. These countervailing factors include, but are not limited to, "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

## POINT I

### DEFENDANTS' JULY 20, 2016 LETTER TO THE COURT IS NOT A "JUDICIAL DOCUMENT" TO WHICH THE PRESUMPTION OF ACCESS APPLIES

Defendants' letter to the Court, by itself, does not constitute a "judicial document" to which the presumption of access applies. Accordingly, Defendants should be permitted to file it under seal.

The filing of a document with a Court is insufficient to automatically render that paper a "judicial document" subject to the right of public access. *Lugosch*, 435 F.3d at 119. Rather, "judicial documents" must be those that are "relevant to the performance of the judicial function and useful in the judicial process," or the contents of which are central to the court's determination of a party's "substantive legal rights," *Amodeo,* 71 F.3d at 1049; *Lugosch* 435 F.3d 121. If a document is not a "judicial document," the common law right of public access does not attach. *Lugosch* 435 F.3d at 119.

Defendants' letter to the Court communicates Defendants' complaints with Class Counsel, their attorneys, and this Court's class discovery Orders. In many respects, it is nothing more than Defendants' expression of their apparent frustration. Therefore, it can hardly be said that the letter is relevant to any judicial function or to the Court's determination of a party's substantive legal rights. In many ways, the letter is little more than a communication from a private citizen to a district court. Courts have ruled that, in certain circumstance, such letters are not judicial documents, and prohibited access to them. *See U.S. v. Lawrence,* 167 F.Supp.2d 504, 508 (N.D.N.Y. 2001) (prohibiting access to sentencing letters submitted by private citizens to a district court.).

3

Accordingly, as Defendants' letter plays no role in the judicial process, it is not a judicial document and therefore, there is no presumption of a right to access. Thus, Defendants should be permitted to file it under seal. However, to the extent that a small portion of the letter takes issue with the Court's July 14, 2016 Order, and informally seeks relief from same, the accompanying redacted version of Defendants' letter will allow those portions to be publicly filed.

### POINT II

### TO THE EXTENT THE COURT CONCLUDES THAT DEFENDANTS' LETTER IS A "JUDICIAL DOCUMENT," DEFENDANTS' PRIVACY INTERESTS OUTWEIGH THE PUBLIC'S RIGHT TO ACCESS

Assuming, *arguendo*, Defendants' letter is a "judicial document," Defendants' legitimate privacy concerns outweigh the public's need for access.

As discussed previously, the "weight" assigned to the presumption of access to a document depends on the role of the document in the Court's exercise of judicial power and the public value of the information that the document contains. *Lugosch,* 435 F.3d 119. Information that comes before a court falls somewhere on a spectrum "from matters that directly affect adjudication to matters that come before a Court's purview solely to insure their irrelevance." *Id.* Once the Court assigns "weight" to the presumption of access, it must determine if same is outweighed by the privacy interests of the party resisting disclosure. In doing so, the Court must consider the "degree to which the subject matter is traditionally public," and "the nature and degree of [the potential] injury [from disclosure]." *Id.*

Most of Defendants' letter consists of complaints about their attorneys, and takes issue with advice that our office allegedly gave. We wholly dispute Defendants' characterization of

4

our conduct, and take issue with the truthfulness of Defendants' presentation. However, notwithstanding our disagreement with their letter, Defendants' account, even though its false, reveals information that would otherwise be privileged. Indeed, in *Lugosch*, the Second Circuit observed that the need to protect attorney client privilege may present a "compelling reason" overcoming the presumption of public access. *Lugosch* 435 F.3d 125. Moreover, Defendants' letter also contains numerous statements that may be harmful to their position in this litigation. Likewise, there is nothing in the majority of Defendants' letter that would be remotely relevant to the exercise of this Court's judicial authority.

Accordingly, as the presumption of access to much of Defendants' letter is minimal, and to the extent that there is any public value in Defendants' complaints, same is vastly outweighed by the potential injury that would be done to Defendants (even if Defendants are unwittingly precipitating such harm) if the information became public.

As previously stated, to the extent that Defendants' letter seeks relief, then those portions can be publicly filed through the proposed redacted version. However, for the foregoing reasons, Defendants should be permitted to file the rest of Defendants' July 20, 2016 letter under seal.

### POINT III

### DEFENDANTS' JULY 20, 2016 LETTER MOTION TO BE RELIEVED AS COUNSEL SHOULD BE FILED UNDER SEAL

In addition to the reasons previously articulated, our office seeks to be relieved as counsel because our conflict with Defendants is irreconcilable. However, as our application is predicated on the privileged discussions we have had with Defendants over the past several weeks, as well as the content of Defendants' letter, we should be permitted to file same under seal.

Documents in support of a motion to be relieved as counsel are routinely filed under seal to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* 464 F.Supp.2d 164, 165 (E.D.N.Y. 2006); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-CV-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."). Indeed, the committee notes to Local Civil Rule 1.4 endorse such a procedure. *See* Local Civil Rule 1.4 (observing that the requirement for a party's counsel to factually support an application to withdraw is "not meant to preclude the Court from permitting the reasons for withdrawal to be stated *in camera* and under seal in an appropriate case.")

Here, there is little public interest in the substance of our dispute with our clients. However, the public revelation of these facts will greatly prejudice Defendants. Although we seek withdrawal, we do not intend to harm our clients in doing so. Accordingly, for these reasons, we respectfully request permission to re-file our July 20, 2016 letter, and any further submission the Court may seek regarding our application, under seal.

## CONCLUSION

Defendants respectfully request that the Court grant this motion in all respects and award Defendants such other relief as the Court deems proper.

6

Dated:  Woodbury, New York
July 22, 2016

Respectfully submitted,

KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
Jeffery A. Meyer, Esq.
*Attorneys for Defendants*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

4833-8537-4773, v. 1

7