

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

*Jeffery A. Meyer, Esq.*
*jmeyer@kdvlaw.com*

July 28, 2016

**VIA ECF**
The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

                *Re*:   *Murphy et al. v. LaJaunie et al.*
                      *Case Number: 13 CV 6503 (RJS)*

Dear Judge Sullivan:

      We represent the Defendants in the above referenced matter. We write in accordance with the Court's July 14, 2016 Order, and in response to Plaintiffs' July 21, 2016 letter application for an award of attorneys' fees allegedly resulting from Defendants' non-compliance with this Court's class-discovery orders.

      In their July 21, 2016 letter, Plaintiffs request attorneys' fees for time spent: (1) preparing for and attending the June 21, 2016 Court conference; (2) reviewing this Court's discovery orders; (3) reviewing boxes of documents produced by Defendants; (4) drafting letters to the Court and otherwise responding to Defendants' letters; and (5) preparing their fee application.

      Rule 37(b)(2)(C) permits the court to award the prevailing movant the reasonable expenses, including attorney's fees, ***caused by the violations at issue***. *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 106–07 (2d Cir.2002). Although the Second Circuit has not opined as to how to calculate attorney's fees awarded as a sanction pursuant to Rule 37, Defendants will not dispute, for the purpose of this application only, that the "lodestar" analysis applies.

      Here, Plaintiffs' attorneys request an award of $13,870.00 as compensation for 35.8 hours of attorney time that they contend resulted from Defendants' alleged failure to comply with this Court's class discovery orders. For the reasons set forth herein, Plaintiffs' fee request is vastly exaggerated.

      A. **The "Work" Performed By Plaintiff's Counsel is Grossly Overstated**

      Class Counsels' fee application is overstated because Plaintiffs seek an award of attorneys' fees for duplicative and inefficient work; attendance at a Court conference that did not

relate to Defendants' alleged non-compliance; and work that they would have had to perform anyway regarding analysis and review of class discovery produced by Defendants.

In determining how much attorney time should be compensated, the Court initially looks to the amount of time spent on each category of tasks, as reflected in contemporaneous time records. *Malletier v. Dooney & Bourke, Inc.*, 2007 WL 1284013, at *1 (S.D.N.Y. Apr. 24, 2007) It then must determine how much of that time was "reasonably expended." *Id.* To do so, "the Court looks to its own familiarity with the case and…its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). The Court's analysis must take into consideration overstaffing, the skill and experience of the attorneys, as well as redundant, excessive, or unnecessary hours. *Id.* Therefore, in determining a "reasonable fee," Courts are to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994). Courts may also consider whether a reasonable attorney would have expended similar hours to perform the same work. *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F.Supp.2d 307, 312 (S.D.N.Y.2009).

To demonstrate the rapacious nature of Class counsels' fee request, Defendants will address each specific task discussed in Plaintiffs' application in turn below

i. The June 21, 2016 Court Conference

Fed.R.Civ.P. 37(b)(2)(C) is explicitly clear that attorney's fees and costs may only be awarded for work that directly results from a party's non-compliance. The June 21st conference was not precipitated by Defendants' failure to provide discovery. Rather, it was scheduled as a hearing on our office's motion to withdraw as counsel. Accordingly, Class Counsel would have had to prepare for and attend the conference anyway. Therefore, Class Counsel should not be awarded attorneys' fees associated with their attendance at this conference.

ii. Review of Defendants' June 28, 2016 Production and Preparation of Plaintiffs' June 29, 2016 Letter to the Court

Class Counsel seeks compensation for 21.3 hours of time spent by two attorneys associated with the review of the contents of ten (10) bankers' boxes of documents produced by Defendants on June 28, 2016, and the preparation of Plaintiffs' June 29, 2016 letter to the Court describing the contents of Defendants' production.

Initially, Class Counsel's time records do not distinguish between the time spent reviewing the contents of Defendants' boxes and the time associated with the preparation of Plaintiff's June 29, 2016 correspondence. Indeed, such "block billing" makes it all the more difficult for the Court to determine if the time spent by Class Counsel on each discreet task was reasonable or necessary. *See Green v City of New York*, 403 Fed.Appx. 626, 2010 WL 5174937

(2d Cir. 2010) (affirming District Court's 15% reduction in attorneys' fees due to "block billing").

Taking Class Counsels' time records at face value, it is hardly feasible that the amount of time spent on these two discreet tasks was reasonable. Class Counsel contends that 2 -3 hours were spent conducting an initial review of the boxes. Following this, Class counsel spent an unspecified amount of additional time conducing a more "in depth review to identify the time periods for which responsive documents were produced." As discussed in Class Counsel's June 29, 2016 letter, the boxes contained: 1) payroll records from Park Avenue for December 31, 2015, "tip sheets," and "some time records from March 2008 to May 2008 for both restaurants." Given the small amount of responsive documents Class Counsel contends were contained in the boxes, it hardly seems reasonable for Class Counsel to spend hours and hours poring over their contents.[1] Moreover, to the extent Class Counsel had to assign two attorneys to review the materials produced by Defendants and the tip records produced by our office, such a review would have been conducted regardless of when the documents were produced. Accordingly, it can hardly be said that counsels' time was incurred solely because of Defendants' noncompliance.

Additionally, although it is impossible to know approximately how much time Class Counsel spent on their June 29, 2016 letter, Defendants submit that as the letter does not contain any detailed legal analysis that would have required hours and hours to formulate. Indeed, Plaintiffs' letter recites generic legal authority regarding sanctions which can be located rather easily.

Accordingly, for these reasons, Plaintiffs' attorneys' fees for the review of Defendants June 28, 2016 production and the preparation of Plaintiffs' June 29, 2016 submission should be reduced.

    iii.    <u>Preparation of Plaintiffs' July 1, 2016 letter</u>

Plaintiffs seek compensation for approximately 2.2 hours of attorney time spent by two lawyers associated with drafting and filing a letter that was less than a page long. Although Defendants do not dispute that this letter would not have been filed absent the discovery dispute at issue, the amount of time spent by Plaintiffs' counsel on its preparation hardly seems reasonable. Moreover, to the extent that Mr. Kirschenbaum seeks compensation for time spent "working with Denise" on the letter, Mr. Kirschenbaum's billing description provides no information regarding his specific contribution to the preparation of the letter, let alone the

---

[1] It is worth nothing that Class Counsel seeks compensation for only 3.1 hours of time associated with reviewing Defendants' July 8, 2016 production which consisted of twelve bankers boxes of payroll records. As it is presumably faster to weed out irrelevant documents than to review relevant ones, the time spent by Class Counsel in reviewing Defendants' June 28, 2016 production is incredulous.

minimal level of detail that would be required for the Court to determine if his time was reasonably spent.

      iv.    <u>Review of Defendants' July 8, 2016 production and Preparation of Plaintiffs' July 8, 2016 letter to the Court</u>

Plaintiffs seek compensation for approximately 3.1 hours spent reviewing Defendants' July 8, 2016 production and another 3.1 hours of time associated with the preparation of Plaintiff's July 8, 2016 letter to the Court.

The time spent by Plaintiffs in reviewing the July 8, 2016 production is largely equivalent to the time spent by our office cataloging the documents before they were produced. Accordingly, the time spent by Plaintiffs on this discreet task does not appear to be unreasonable. However, to the extent that Plaintiffs would have had to review these documents if they were timely produced, Class Counsel's time was not spent *because of* Defendants' alleged non-compliance. Accordingly, class counsel is not entitled to attorneys' fees for reviewing Defendants' July 8, 2016 production.

Defendants do not dispute that Class Counsel would not have had to prepare their July 8, 2016 correspondence absent the present situation. However, Class Counsel seeks compensation for over three hours of time for preparing a letter that was approximately three pages long. As the letter was filed for the limited purpose of responding to Defendants' July 8, 2016 correspondence describing the contents of Defendants' supplemental production, the amount of time spent on its preparation hardly seems reasonable.

    B.  <u>**The Hourly Rate Sought By Class Counsel is Excessive**</u>

Defendants do not dispute the qualifications of class counsel as described in Class Counsel's July 21, 2016 correspondence. However, the hourly rates sought by Mr. Goldman, Mr. Kirschenbaum, and Ms. Schulman are excessive and should be reduced.

Courts in this District have determined in recent cases that a fee ranging from $250 to $400 is appropriate for experienced litigators in wage-and-hour cases. *Farmer v. Hyde Your Eyes Optical, Inc.*, 13 Civ. 6653(GBD)(JLC), 2015 WL 2250592 at *14 (S.D.N.Y. May 13, 2015) (awarding an hourly rate of $360 to a partner practicing for sixteen years); *Black v. Nunwood, Inc.*, No. 13-CV-7207 (GHW), 2015 WL 1958917 at *5–6 (S.D.N.Y. Apr. 30, 2015) (approving hourly rate of $350 for "experienced partners" with nine to ten years of experience in labor law, $285 for senior associate practicing eight years and $200 for associate practicing three years); *Patino v. Brady Parking, Inc.*, 11 Civ. 3080(AT)(DF), 2015 WL 2069743 at *3 (S.D.N.Y. Apr. 30, 2015) (awarding hourly rate of $400 to founding partner practicing thirteen years in area of labor and employment, $325 to senior attorney and $250 to associates practicing between five and nine years of labor law); *Rosendo v. Everbright-en Inc.*, 13 Civ. 7256(JGK)(FM), 2015 WL

1600057 at *8–*9 (S.D.N.Y. Apr. 7, 2015) (reducing hourly rate to $400 for managing attorney practicing since 1983, $300 for senior associate practicing approximately ten years and $225 for associate who graduated from law school in 2012).

Although Defendants note that this Court has, in approving a settlement, found that an hourly rate of $450 for Mr. Kirschenbaum was reasonable, this rate greatly exceeds the hourly rates applied by other Courts in this District to compensate Mr. Kirschenbaum for his work. *See Wei Yan Yan v. 520 Asian Restaurant Corp.*, No. 13 CV 2417 (KNF), 2015 WL 1026611 (S.D.N.Y. Mar. 9, 2015) ("The Court finds that Kirschenbaum's $375 hourly rate…[is] reasonable."); *Wicaksono v. XYZ 48 Corp.*, No. 10 CV 3635 (LAK)(JCF), 2011 WL 2022644 (S.D.N.Y. May 2, 2011) (awarding an hourly rate of $350 to Mr. Kirschenbaum). Accordingly, Mr. Kirschenbaum's hourly rate should be reduced.[2]

Likewise, Ms. Schulman's requested hourly rate of $350 greatly exceeds the amount that she has been awarded in other FLSA cases in this District. *See Lizondro-Garcia v. Kefi, LLC*, No. 12 CV 1906 (HBP), 2015 WL 4006896 (S.D.N.Y. July 1, 2015) (awarding reduced hourly rate of $300 to Ms. Schulman); *Lanzetta v. Florio's Enters., Inc.*, 08 Civ. 6181(DC), 2011 WL 3209521 at *7 (S.D.N.Y. July 27, 2011) (awarding hourly rates of $350 to Kirschenbaum and $200 to Schulman). Accordingly, Ms. Schulman's hourly rate should be reduced.[3]

Thank you for your consideration of the foregoing.

                                  Respectfully submitted,
                                  Kaufman Dolowich & Voluck, LLP

                                  Jeffery A. Meyer, Esq.

CC:    All Counsel, Via ECF

4823-0731-4741, v. 1

---

[2] Defendants cannot locate a recent fee application made by Mr. Goldman. However, Defendants do not believe that he should be compensated at an hourly rate less that that applied to Mr. Kirschenbaum.

[3] The cases cited by Class counsel to substantiate Ms. Schulman's requested hourly rate involved wage and hour disputes that were significantly more complex than a hospitality wage and hour action, or did not involve wage and hour claims at all. *See Mills. v. Capital One, N.A.*, No. 13 CV 1937, 2015 WL 5730008 (S.D.N.Y. Sept. 30 2015) (finding an hourly rate of $350 as reasonable for an associate with eight years' experience involved in a misclassification action with classes of Plaintiffs from three different states and where claims were brought under the FLSA, NYLL, the New Jersey Wage and Hour Law, and the Maryland Wage and Hour Law); *Powell v. Metro One Loss Prevention Servs. Group (Guard Division NY), Inc.*, No. 13 CV 4221, 2015 WL 9287121 (S.D.N.Y. Feb. 5 2015) (finding an hourly rate of $350 as reasonable for an associate with eight years' experience involved in the litigation of an employment discrimination action.); *Rozell v. Ross-Holst*, 576 F.Supp.2d 527 (S.D.N.Y. 2008) (applying a rate of $350 to work performed by an associate with seven years' experience involved in the litigation of an employment discrimination action.).