UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/1/16
```

ETHAN MURPHY, *et al.*,

          Plaintiffs,

  -v-

PHILIPPE LAJAUNIE, *et al.*,

          Defendants.

No. 13-cv-6503 (RJS) (SN)
ORDER

RICHARD J. SULLIVAN, District Judge:

On August 10, 2016, the Court (1) ordered that Defendants pay a $7,000 contempt sanction pursuant to the Court's order, dated July 14, 2016; (2) deemed made and granted Plaintiffs' motion for reconsideration of the Court's summary judgment opinion, dated March 22, 2016, thereby reinstating Plaintiffs' claims against LaJaunie under the New York Labor Law; (3) granted Defendants' counsel's renewed motion to withdraw as counsel of record; and (4) entered a default judgment against Defendants on Plaintiffs' remaining claims. (Doc. No. 260 ("August 10 Order").) The Court also referred this matter to the Honorable Sarah Netburn for an inquest to determine damages. (Doc. No. 261.) The Court is now in receipt of a motion from Defendant Philippe LaJaunie, who proceeds *pro se*, for reconsideration of the August 10 Order pursuant to Local Civil Rule 6.3 and for a stay of the inquest proceedings. (Doc. No. 267 ("Recon. Br.").) For the reasons set forth below, LaJaunie's motion is denied.[1]

The Federal Rules of Civil Procedure provide different standards for reconsideration of different types of orders and judgments. For "final judgments, orders, and proceedings," for

---

[1] Although LaJaunie purports to bring the motion on behalf of all Defendants, it is well established that lay persons cannot represent corporations. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Accordingly, the Court considers the motion only as it pertains to LaJaunie.

instance, Rule 60 allows reconsideration in limited circumstances only. *See* Fed. R. Civ. P. 60(b). For non-final orders, on the other hand, Rule 54(b) allows for reconsideration in the district court's equitable discretion. *See* Fed. R. Civ. P. 54(b) (stating that nonfinal judgments "may be revised at any time before the entry of a [final judgment]"); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("'So long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

Here, LaJaunie seeks reconsideration of a non-final order, and therefore, Rule 54(b)'s equitable standard applies. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order."). Although the Second Circuit has sometimes "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case," *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003), it has also made clear that this limitation is more of a suggestion than a binding rule, *see Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) ("The doctrine of law of the case is [itself] discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." (internal quotation marks omitted)). Nevertheless, the Second Circuit has made clear that earlier decisions "'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Fannie Mae 2008 ERISA Litig.*, No. 09-cv-1350 (PAC), 2014 WL 1577769, at *3 (S.D.N.Y. Apr. 21, 2014) (quoting *Coopers & Lybrand, LLP*, 322 F.3d at 167). Under Rule 54(b) and Local Rule 6.3, a court must be mindful that "where litigants have once battled for the court's decision, they should neither be required, nor

2

without good reason permitted, to battle for it again." *Coopers & Lybrand*, *LLP*, 322 F.3d at 167.

For the reasons set forth below, LaJaunie clearly fails to meet this standard.

In his brief, LaJaunie rehashes a series of grievances regarding his former counsel, all of which were previously raised in his letter to the Court, dated July 20, 2016 (Doc. No. 248 at 9–14), and at the parties' conference on August 2, 2016 (Doc. No. 271 at 21:10–25:20, 27:20–24, 30:23–31:2, 32:15–18). Specifically, LaJaunie alleges that these attorneys overbilled Defendants, failed to produce discovery materials that Defendants had furnished to them, and made misrepresentations to the Court regarding Defendants' non-compliance with the Court's discovery orders. (Recon. Br. 3.) But as the Court made clear in the August 10 Order, "it is hornbook law that any failures by Defendants' lawyers . . . are attributable to LaJaunie and his co-Defendants." (August 10 Order 16 (citing *SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998).) Therefore, the Court does not credit LaJaunie's averments that Defendants substantially complied with the Court's discovery orders, which contradict his own attorneys' admissions to the Court. (August 10 Order 16; *see also* Doc. No. 238 at 6–7, 11.) Moreover, even if the most serious of LaJaunie's allegations of attorney misconduct are true, LaJaunie's proper remedy is not to require Plaintiffs to endure further delay in this proceeding; rather, LaJaunie may pursue a separate malpractice action against his former lawyers. (*Id.* at 17 (citing *SEC v. Gerasimowicz*, 9 F. Supp. 3d 378, 382 (S.D.N.Y. 2014).)

In a flourish of chutzpah, LaJaunie, having accused his lawyers of grave misconduct, also asks that the Court reconsider its decision granting his former attorneys' motion to withdraw. (Recon. Br. 4.) In deciding the motion to withdraw, the Court properly considered: "[1] the reasons for withdrawal and [2] the impact of the withdrawal on the timing of the proceeding." (August 10 Order 13 (quoting *Battino v. Cornelia Fifth Ave., LLC*, No. 09-cv-4113 (LGS), 2013

WL 4779635, at *1 (S.D.N.Y. June 26, 2013).)  The Court notes that Defendants' failure to pay approximately $100,000 in legal bills, standing on its own, provided sufficient reason to grant that motion.  (*Id.* at 14 (citing *United States v. Up to $6,100,000 on Deposit in Account No. 15.5876 at Bank Julius Baer Co. Ltd (Guernsey Branch)*, No. 07-cv-4430 (RJS), 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009).)  And the fact that LaJaunie's own brief in support of reconsideration is "replete with accusations of bad faith and dishonesty" against his former counsel only confirms that the Court had an independent basis for granting the motion to withdraw – namely, the complete breakdown in LaJaunie's relationship with his attorneys.  (*Id.* (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990))); *accord Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01-cv-2950 (DAB), 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 15, 2005).  Furthermore, the Court's decision to grant the motion to withdraw has had a minimal impact on the timing of this proceeding because of the default judgment in Plaintiffs' favor.  Accordingly, the Court finds no clear error or manifest injustice in its decision to grant Defendants' attorneys' motion to withdraw.

LaJaunie also argues that he has "new evidence" that, contrary to Defendants' previous representations to the Court, Defendants have complied with the Court's discovery orders.  (Recon. Br. 3–4.)  However, Defendants have had numerous opportunities, including at the June 21, 2016 and August 2, 2016 hearings, to present evidence of their compliance in response to the Court's orders to show cause and failed to do so.  And it is well settled that a party moving for reconsideration may not "put forth new facts, issues or arguments that were not presented to the court on [the original] motion."  *R.B. ex rel. A.B. v. Dep't of Educ. of City of New York*, No. 10-cv-6684 (RJS), 2012 WL 2588888, at *4 (S.D.N.Y. July 2, 2012) (collecting cases).  Thus, even

4

if "new evidence" existed regarding Defendants' compliance, it would provide no basis for disturbing the Court's August 10 Order.

Finally, LaJaunie urges the Court to reverse its order reinstating Plaintiffs' New York Labor Law claims against him and moves to dismiss the claims against him under the FLSA. (Recon. Br. 1, 4.)  Without citing any evidence, LaJaunie conclusorily asserts that he has "not been involved in restaurant management since 1989" and therefore did not function as an employer under either statute.  (*Id.* at 1.)  However, while it is entirely possible that, at trial, Defendants might have persuaded the jury to find in LaJaunie's favor on these issues, Defendants' repeated defiance of the Court's discovery orders, even in the face of warnings of a default judgment (Doc. Nos. 224, 227, 238; *see also* Doc. No. 228 at 18:6–14, 19:17–20:2, 26:19–23, 27:15–24), left the Court with little choice but to issue a default judgment in this matter.  Nothing in LaJaunie's brief comes close to persuading the Court that its decision was manifestly unjust or clearly erroneous.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is denied.  The Clerk is respectfully directed to terminate the motion pending at docket number 267 and to mail a copy of this Order to LaJaunie.

SO ORDERED.

DATED:      September 1, 2016
                  New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE