# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

September 7, 2016

**VIA ECF**

Judge Richard J. Sullivan
Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:     Murphy v. LaJaunie
                  No. 13 CV 6503

Dear Judge Sullivan and Judge Netburn:

      Together with the Law Offices of Jeffrey E. Goldman, we are Class Counsel in the above-referenced matter. I write to inform the Court that we have been notified that Defendant 15 John Corp. has filed a Chapter 11 bankruptcy petition. A copy of the docket sheet is attached hereto as Exhibit 1. To the best of our knowledge, none of the other Defendants in this action have filed for bankruptcy. As such, while an automatic stay applies to the claims in this case against 15 John Corp., 11 U.S.C. § 362, there is no stay with respect to the claims against the other, non-debtor Defendants (*i.e.*, Defendants Philippe LaJaunie, La Boucherie Inc., and LHLM Group, Corp.). *E.g.*, *Wynn v. AC Rochester GMC*, 155 Fed. Appx. 528 (2d Cir. 2005) (finding that that stays pursuant to §362 are "not automatically applicable to the non bankrupt co-defendants"); *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) ("While there are unusual situations when a court is empowered to extend the automatic stay to non-bankrupt co-defendant of the debtor, where the debtor and non-debtor co-defendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor. Here, the plaintiffs allege that the Proposed Defendants are joint employers and, therefore, are jointly and severally liable to the plaintiffs for violations of the FLSA and NYLL. Accordingly, the automatic stay in the bankruptcy case would not extend to the Proposed Defendants and allowing the amendment would not violate the automatic stay.") (internal citations and quotations omitted).

1

Therefore, the damages inquest should proceed as scheduled against the non-debtor Defendants (*i.e.*, Defendants Philippe LaJaunie, La Boucherie Inc., and LHLM Group, Corp.) only. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: Philippe LaJaunie

# Exhibit 1

## U.S. Bankruptcy Court
### Southern District of New York (Manhattan)
### Bankruptcy Petition #: 16-12453-mew

*Assigned to:* Judge Michael E. Wiles
Chapter 11
Voluntary
Asset

*Date filed:* 08/25/2016
*341 meeting:* 10/07/2016

*Debtor*
**15 John Corp.**
15 John Street
New York, NY 10038
NEW YORK-NY
Tax ID / EIN: 13-4082234
*aka* **Les Halles**
*aka* **First Admin. Inc.**

represented by **Leo Fox**
630 Third Avenue
18th Floor
New York, NY 10017
(212) 867-9595
Fax : (212) 949-1847
Email: leofox1947@aol.com

*U.S. Trustee*
**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 08/25/2016 | 1 (5 pgs) | Chapter 11 Voluntary Petition for Non-Individual. Order for Relief Entered. Filed by Leo Fox on behalf of 15 John Corp.. (Fox, Leo) (Entered: 08/25/2016) |
| 08/25/2016 | | Receipt of Voluntary Petition (Chapter 11)(16-12453) [misc,824] (1717.00) Filing Fee. Receipt number 11443724. Fee amount 1717.00. (Re: Doc # 1) (U.S. Treasury) (Entered: 08/25/2016) |
| 08/25/2016 | | Judge Michael E. Wiles added to the case. (Porter, Minnie). (Entered: 08/25/2016) |
| 08/25/2016 | 2 (9 pgs) | Application to Employ Leo Fox as Attorney (related document(s)1) filed by Leo Fox on behalf of 15 John Corp.. (Fox, Leo) (Entered: 08/25/2016) |
| | | Deficiencies Set: Schedule A/B due 9/8/2016. Schedule D due 9/8/2016. Schedule E/F due 9/8/2016. Schedule G due 9/8/2016. Schedule H due 9/8/2016. Summary of Assets and Liabilities |

| | | |
|---|---|---|
| 08/25/2016 | | due 9/8/2016. Statement of Financial Affairs due 9/8/2016. Atty Disclosure State. due 9/8/2016. Statement of Operations Due at Time of Filing. 20 Largest Unsecured Creditors Due at Time of Filing. Balance Sheet Due at Time of Filing. Cash Flow Statement Due at Time of Filing. Declaration of Schedules due 9/8/2016. List of all creditors Due at Time of Filing. List of All Creditors Required on Case Docket in PDF Format Due at Time of Filing. List of Equity Security Holders due 9/8/2016. Local Rule 1007-2 Affidavit Due at Time of Filing. Corporate Ownership Statement Due at Time of Filing. Incomplete Filings due by 9/8/2016, (Porter, Minnie). (Entered: 08/25/2016) |
| 08/29/2016 | 3 (21 pgs) | Matrix Filed by Leo Fox on behalf of 15 John Corp.. (Fox, Leo) (Entered: 08/29/2016) |
| 08/29/2016 | 4 (6 pgs) | Affidavit *Declaration Pursuant to Local Rule 1007* Filed by Leo Fox on behalf of 15 John Corp.. (Fox, Leo) (Entered: 08/29/2016) |
| 08/31/2016 | 5 (5 pgs; 2 docs) | Notice of 341(a) Meeting of Creditors with 341(a) meeting to be held on 10/7/2016 at 02:30 PM at Office of UST (One Bowling Green, Fifth Floor, Room 511). (Richards, Beverly). (Entered: 08/31/2016) |
| 09/02/2016 | 6 (6 pgs) | Certificate of Mailing Re: Notice of 341(a) Meeting of Creditors (related document(s) (Related Doc # 5)) . Notice Date 09/02/2016. (Admin.) (Entered: 09/03/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/06/2016 16:43:33 | | | |
| PACER Login: | cj0121:2525642:0 | Client Code: | Les halles-DS |
| Description: | Docket Report | Search Criteria: | 16-12453-mew Fil or Ent: filed From: 8/23/2016 To: 9/6/2016 Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 1 | Cost: | 0.10 |