UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, *et al.*,

                Plaintiffs,

-v-

PHILIPPE LAJAUNIE, *et al.*,

                Defendants.

No. 13-cv-6503 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/17

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of the enclosed letter from Debtor-Defendant 15 John Corp.'s bankruptcy attorney Leo Fox. Debtor-Defendant has filed a First Amended Plan of Reorganization and Disclosure Statement before Bankruptcy Judge Wiles. Although not a settlement of this lawsuit, the plan supposedly includes payments to Plaintiffs in this action and requires their vote. Debtor-Defendant has also included an order from Judge Wiles, directing Debtor-Defendant to seek this Court's approval of the Disclosure Statement before it is shared with Plaintiffs. Debtor-Defendant has submitted Judge Wiles's order to this effect, which is attached to this order.

    IT IS HEREBY ORDERED THAT, by July 10, 2017, Plaintiffs' counsel shall submit a letter to the Court concerning the proposed bankruptcy plan and Disclosure Statement.

SO ORDERED.

Dated:    June 29, 2017
               New York, New York

                                                RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

**LEO FOX**
ATTORNEY AT LAW

630 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 867-9595
FAX (212) 949-1857
EMAIL: leofox1947@aol.com

June 26, 2017

Honorable Richard J. Sullivan
United States District Court Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square – Room 2104
New York, New York 10007

Re:   Ethan Murphy et al. v. Philippe Lajaunie, et al.
      <u>Index No. 13-cv-06503 (RJS)</u>

Honorable Sir:

    I am the insolvency attorney for Defendant-Chapter 11 Debtor 15 John Corp. On August 25, 2016, 15 John Corp. filed a petition under Chapter 11 of the Bankruptcy in the United States Bankruptcy Court for the Southern District of New York. I write this letter pursuant to the attached Order of Bankruptcy Judge Michael E. Wiles dated June 12, 2017 (attached hereto), which requires Defendant-Chapter 11 Debtor to obtain the approval of this Court for the disclosure outlined in the Chapter 11 Plan and Disclosure Statement filed by the Defendant-Chapter 11 Debtor in the Chapter 11 case being given to the Class Action members to vote and to permit the Defendant-Chapter 11 Debtor to proceed with the Chapter 11 Plan confirmation process.

    On May 8, 2017, Defendant-Chapter 11 Debtor filed a Plan and Disclosure Statement, which provides for a series of payments partly up front and partly deferred to be paid to its creditors including the Class Action members (there are approximately 400 of such members). At the initial hearing on May 9, 2017, for the approval of the Disclosure Statement, Bankruptcy Judge Wiles directed that the disclosure being offered to the Class Action members to vote on be submitted to this Court. Thereafter, Judge Wiles issued his June 12, 2017 Order which further provided that this Court rule on the disclosure issue and on whether the Plan and Disclosure Statement could proceed.

    The Plan is not a settlement with the Class, but the Class and others are asked to vote on the Plan in accordance with Bankruptcy Rules and the terms of the Plan, and the Disclosure Statement must be adequate for that purpose. We have filed a motion with the Bankruptcy Court to approve the Disclosure Statement. Because the Plan is not a settlement with the Class, we do not believe the

2822681.3

Honorable Richard J. Sullivan
June 26, 2017
Page 2

normal rules on Class settlements apply. But to comply with Judge Wiles' order, we are prepared to file a motion with this Court to approve the adequacy of the Disclosure Statement for voting purposes. I am writing this letter first, because Chambers instructed me to do so.

We believe that the Disclosure Statement has sufficient detail to allow the Class members to make a determination on whether to vote for or against the Plan, but, of course, we can add any additional information which the Court believes is appropriate. On June 7, 2017, we also submitted the Plan and Disclosure Statement to Class counsel but have not received any comments from them.

I am advised that there are approximately 400 members in the Class Action. We are prepared to mail copies of the proposed Motion to this Court to the attorneys for the Class Action members, Maimon Kirshenbaum, Esq. and Jeffrey Goldman, Esq. as well as Lawrence Morrison, Esq., bankruptcy counsel for the Class Action members, and any other persons directed by this Court. We also request a return date sometime after mid-July to permit appropriate notice and to account for the fact that I will be out of the office for the first two (2) weeks of July.

Accordingly, we request this Court's guidance on the matters set forth above.

Respectfully submitted,

Leo Fox

LF:cb
Enclosure

cc:   (by email)
      Maimon Kirshenbaum, Esq.
      Jeffrey Goldman, Esq.
      Lawrence Morrison, Esq.,

2822681.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE:

15 JOHN CORP.,
a/k/a LES HALLES,
a/k/a FIRST ADMIN INC.

Case No.: 16-12453 (MEW)
Chapter 11 Reorganization

**Debtor.**
-------------------------------------------------------------x

## ORDER REQUIRING MODIFICATIONS AND FURTHER PROCEDURES WITH RESPECT TO FIRST AMENDED DISCLOSURE STATEMENT

Debtor 15 John Corp. has filed a First Amended Plan of Reorganization, dated June 8, 2017 (the "Plan") and a First Amended Disclosure Statement, dated June 8, 2017 (the "Disclosure Statement"). The First Amended Plan and the First Amended Disclosure Statement were filed partly in response to comments and rulings that the Court made on May 12, 2017 with regard to the initial draft of the Disclosure Statement. The Court has reviewed the modifications that have been made and makes the following additional rulings and directions.

1. Certain modifications that the Court directed at the hearing on May 12, 2017 have not been made. The Court will not provide conditional approval of the First Amended Disclosure Statement unless it is modified to include the following items:

(a) Historical information about the Debtor's operational performance and cash flows, including during the period that this chapter 11 case has been pending, must be provided as a comparison to the projections of financial performance that have been set forth. To the extent possible, the historical information should be presented in the same format and using the same categories as the projected information to enable easier comparisons and analyses.

(b)     The relationship between the Debtor and La Boucherie should be explained. Among other things, the Debtor should identify any joint obligations and how those joint obligations are being handled.

(c)     The Plan proposes to treat the Rewards Network claim as a secured claim, though it appears that the Debtor may also intend to reserve the right to argue that the claim is not a secured claim.   The Disclosure Statement must describe any issues that may exist as to the nature of the Rewards Network claim and should clarify whether the Debtor does or does not intend to contest the secured status of the claim.

2.      The Plan identifies a class of creditors (Class 8) that consists of members of a class in an action entitled *Murphy v. Lajaunie et. al.* (Index No. 13-cv-06503) that is pending before Judge Sullivan in the District Court for the Southern District of New York.  The Debtor is a defendant in that action, along with Mr. Lajaunie (the Debtor's owner) and other affiliated entities. Instead of being classified with other general unsecured creditors (with the amounts of their allowed claims being determined through other proceedings), the Plan proposes that the class action plaintiffs will receive certain payments, some of which are fixed and others of which are dependent on the Debtor's future operating results.   The proposed payments apparently incorporate the terms of tentative settlement proposals, but no actual settlement has been reached between the Debtor and the class action plaintiffs, and no such settlement has been approved by the District Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.   In addition, the proposed Plan includes release provisions that state that the payments to be made by the Debtor under the Plan (some of which are being funded by Mr. Lajaunie) are in full satisfaction and release of all claims that creditors (including class action plaintiffs) may have against Mr. Lajaunie as well as claims they have against the Debtor.   The Court is concerned that in these respects the proposed

2

Plan and Disclosure Statement (in particular, the separate classification of the class action plaintiffs, the separate payment terms and the releases of claims against Mr. Lajaunie as well as against the Debtor) may in effect constitute a proposed settlement of the class action plaintiffs' claims against the Debtor and also against Mr. Lajaunie, using the procedures set forth in the Bankruptcy Code rather than the procedures that govern the District Court's handling of the class action.  The Court indicated on May 12, 2017 that it would require the Debtor to notify the District Court of the terms of the proposed Disclosure Statement and Plan (including the disclosures to be provided to class members, the proposed treatment of the class members' claims and the proposed release terms) in order to ensure that the District Court does not believe that the proposed Disclosure Statement and Plan infringe upon the District Court's authority over the control of communications with class members and over the approval of compromises and settlements of the pending class action claims.  The Disclosure Statement will not be conditionally approved unless and until such an application has been filed and the District Court has ruled that the Debtor may proceed with the Plan and the Disclosure Statement.

Dated: New York, New York
       June 12, 2017

<u>s/Michael E. Wiles</u>
HONORABLE MICHEAL E. WILES
UNITED STATES BANKRUPTCY JUDGE