**LEO FOX**
*ATTORNEY AT LAW*

630 Third Avenue, New York, New York 10017
(212) 867-9595   Fax (212) 949-1857
Email: leofox1947@aol.com

July 18, 2017

Honorable Richard J. Sullivan
United States District Court Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square – Room 2104
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/17

Re:   Ethan Murphy et al. v. Philippe Lajaunie, et al.
      Index No. 13-cv-06503 (RJS)

Honorable Sir:

Briefly responding to the letter dated July 10, 2017 of the attorneys for Class Action members, we, on behalf of the Defendant Chapter 11 Debtor 15 John Corp. and Class Action counsel agree that the disclosure under the Chapter 11 Plan and Disclosure Statement is not a matter for approval under Federal Rule 23. This Court is only being requested to approve the disclosure of the treatment being offered to Class Action members under the Plan.

We disagree with Class Action counsel's assertion that the Bankruptcy Court in its Order dated June 12, 2017 limited this Court's approval process only in the circumstances where the Debtor and Class Action counsel arrived at a settlement. In the exercise of caution, the Bankruptcy Court appears to seek this Court's view on the disclosure, because the proposals to Class Action members in the Plan might be construed as a proposed settlement under the Bankruptcy Court procedures.

Class Action counsel may disagree with the Plan treatment provisions including the release of Defendant, Lajaunie, but the issue before this Court is not whether the disputing sides agree to the terms but only on whether there exists sufficient information for the Class Action members to determine whether to vote for the Plan. In this connection, the Disclosure Statement cites substantial bankruptcy law on when a third party may receive a release from the claims of creditors such as the members of the Class Action. The Bankruptcy Court has not yet ruled on this third party release issue which would be determined at a subsequent hearing before that court on the confirmation of the Plan.

Honorable Robert J. Sullivan
Page 2
July 18, 2017

**MEMO ENDORSED**

In the meantime, the Magistrate Judge's Order dated July 10, 2017 directed that the Defendants submit a response by August 9, 2017 on the inquest ordered on August 11, 2016 (ECF No. 263). Class Action counsel's letter dated July 10, 2017 did not request that the inquest matter proceed. We ask that the time to respond be adjourned. This lawsuit has badly damaged Les Halles and had nearly bankrupt Mr. LaJaunie, who is insolvent and has provided full financials to Class Counsel. Rather than continuing to fight this matter, *see e.g., Funk v. Beineftekhim,* (2d Cir. June 29, 2017) (reversing order striking defense, where less discovery sanctions were sufficient) (attached hereto), he has devoted his limited liquid assets first to trying to settle with the Class, and now to funding the Plan in order for everyone to try to move forward and and build Les Halles to the benefit of all creditors.

Under the circumstances presented here, we respectfully urge that it does not make sense for the Court to undertake the time and expense necessary to determine the amounts of the claims of the Class Action before approving the extent of the disclosure and determining whether the Class will vote in favor of the Plan. A reading of the Plan and Disclosure Statement clearly establishes that the amount of the claims is not an issue that needs to be addressed under the Plan and Disclosure Statement where (1) there is a limited fund available to Class Action members, (2) the Debtor-Defendant stipulated with Class Action counsel to allow Class Action counsel to file a claim for the Class (which was filed in the amount of $5,616,730.88) thereby *conceding* the full amount of the claim for purposes of the Plan and Disclosure Statement, (3) the time and money which would be spent in adjudicating the claims of each Class member would exhaust the limited proceeds available to be paid to Class Action members and (4) the automatic bankruptcy still applies as to Debtor 15 John Corp.

For these reasons we respectfully request that the District Court approve the Disclosure Statement or order such amendments as it believes appropriate and adjourns the time set by the Magistrate Judge for the Defendants' filing of responsive papers on the inquest.

Respectfully submitted,

/s/ *Leo Fox*
Leo Fox

LF:cb
Enclosure

cc:   (by email)
      Maimon Kirshenbaum, Esq.
      Denis Schulman, Esq.
      Jeffrey Goldman, Esq.
      Lawrence Morrison, Esq.
      Philippe Lajaunie

Debtor Defendant's bankruptcy counsel shall email the Disclosure Statement to SullivanNYSDChambers@nysd.uscourts.gov for the Court's review no later than July 24, 2017. Because the Court has referred the damages inquest to Magistrate Judge Netburn (Doc. No. 261), any requests concerning the scheduling or adjournment of the inquest should be directed to Judge Netburn.

SO ORDERED
Dated: 7/18/17
RICHARD J. SULLIVAN
U.S.D.J.