August 15, 2017

Honorable Richard J. Sullivan
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Ethan Murphy et al. v. Philippe Lajaunie, et al.
      Index No. 13-cv-06503 (RJS)

Dear Judge Sullivan:

Pursuant to Rule 54(b), I most respectfully seek reconsideration of your Honor's decision and order (document 260, filed 08/10/16), which (i) sanctioned me for discovery problems, (ii) vacated the prior decision which was in my favor, as it had found no basis for my personal liability on certain matters, and (iii) defaulted me on personal liability. I recognize I have sought this relief before, but I believe the developing facts and the following recent decisions support this request at this time.[1]

Rule 54(b) permits the Court to revise its order, particularly in light of recent controlling authority from the Second Circuit. *See, e.g., Starbucks Corp. v. Wolf's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) ( Rule 54(b) grants a district court authority to revise an interlocutory order at any time before the entry of final judgment for "cogent and compelling reasons such as an intervening change of controlling law"). In *in re Nassau Ct. Strip Search Cases*, 639 Fed App'x 747 (2d Cir. 2016), the Second Circuit recently affirmed a district court decision to grant Rule 54(b) reconsideration and to reverse a portion of its liability judgment – more than five years after that judgment was entered – in light of a new decision from the United States Supreme Court. *See also United States v. Uccio*, 940 F.2d 753 (2d Cir. 19911) (event after mandate issues, district court is free to revisit a pre-appeal decision so long as that decision was not reviewed or decided on appeal). Indeed, in *Virginia Properties, LLC v. T-Mobile Northeast LLC*, ___F.3d __, 2017 WL 3197539, No. 16-2973 (2d Cir. July 28, 2017), the Second Circuit, relying on a recent decision in *Goodyear*

---

[1] I have not been able to, and cannot afford, to retain counsel to appear in this case. With my limited funds, now exhausted, I did retain counsel to help me try to settle this case with the Class, and we reached a term sheet, but when that fell through I had no funds to continue paying that counsel. That counsel was, however, kind enough to help me with legal research and this letter, but at this time I cannot pay counsel for this or any work in this case.

*Tire & Rubber Co. v. Haeger,* 137 S.Ct. 1178, 1183-84 (2017), reversed a sanctions order imposed long before *Goodyear.*

Two recent Second Circuit decisions apply to my situation and clarify that, on these facts, the order to sanction me should be vacated. In *Virginia Properties,* the Second Circuit vacated discovery sanctions, including dismissal and fees, as an abuse of discretion, because it was left with the firm conviction that a mistake had been committed. The Court found that the moving party had wrongly convinced the District Court that the wrongdoing party had committed a fraud on the court, which finding was not supported by the whole record. Although there was no dispute that there was a failure to produce relevant documents, which should have been produced early in the litigation (which the District Court found was in "bad faith"), key to the Second Circuit's decision was that the blame for the disclosure failures may well have lied with the sanctioned party's attorneys and that the District Court misunderstood the significance of the undisclosed documents. Just as in my case, the sanctioned party there had provided documents to his attorneys to respond to discovery demands, which those attorneys did not produce, and the relationship with those attorneys had soured. In the end, the Court vacated and remanded.

In *Funk v. Belneftekhim,* 861 F.3d 354, 2017 WL 2801783, No. 15-3372 (2d Cir. June 29, 2017), the Second Circuit reversed an order granting similar discovery sanctions. The Court held that the severe discovery sanctions of default or striking a sovereign immunity defense were improper when the court has available other alternatives, even though the lower court had issued multiple warnings after defendants had repeatedly disobeyed discovery orders and prior monetary sanctions had failed . Despite repeated, adequate warnings and an opportunity to be heard, the Court, relying on its own precedent, reversed the sanction of striking a defense as an abuse of discretion because such a harsh sanction is permitted only in "extreme circumstances" and "after consideration of alternative, less drastic sanction." At p. 370. Concededly, this case involved not permitting a court to establish jurisdiction through sanctions, but I believe its discussion is relevant here.

In *Goodyear Tire,* 137 S.Ct. at 1183-1184, the Supreme Court also made clear that "a federal court's inherent authority to punitively sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees" is extremely limited and requires "procedural guarantees applicable in criminal case, such as a 'beyond a reasonable doubt' standard of proof." *Id.* at 1186.

In my case, the Court conducted no evidentiary hearing although (i) I explained that I had no staff and was operating under clear constraints, without clear instructions or help from counsel; (ii) I asserted that I had given large volumes of records to my counsel or made them available to plaintiffs, and clearly disputed that I had personally failed to provide documents; (iii) I had insisted that my attorneys were at fault for failing to assist me, failing to produce, and failing to properly explain the facts to the Court, which raised a clear question as to whether my attorneys or I was at fault.

This dispute as to who was at fault and the failure to make detailed findings of fact, which could only be made after a proper evidentiary hearing on fair notice to me, was a key reason for reversal in *Virginia Properties.* The Court here held no hearing and could not make any findings as to fault, but rather stated it did not matter, because I was bound even if my attorneys were at fault.

Here, there were also several other fair and reasonable alternatives to defaulting me on the merits, including the use of discovery sanctions, proof sanctions, or simply vacating without default.

Finally, the error is compounded by the fact that at the time of the Court's sanctions order, I was *pro se*, since the former firm representing me (who answered to the insurer, and I had not had anything to do with selecting or directing it):

- Had rarely, if ever, followed my requests and instruction;
- Had largely stopped working because the insurance proceeds had run out;
- Had been allowed to withdraw by the Court and was no longer representing me;
- Was in conflict with my interests and could not represent me in any event.

I recognize that at the time of the sanction order and default, the Court felt put upon and was upset, but there were factual disputes, and I was attempting to show the Court, as a *pro se* litigant with no help from conflicted, withdrawing counsel, that the discovery mistakes were the fault of my former, conflicted attorneys, who had exhausted the insurance policy limits and had not followed my instructions. The Court took no evidence and gave me no opportunity to find an unconflicted lawyer to represent me on the sanctions motions and present the facts.

As a result, the consequences have been a disaster for me and for the Class, which I do not think the Court intended, and which are inequitable under all the circumstances.

Since the default, rather than waste money continuing to fight the default further, I have tried desperately

- to keep Les Halles operating in order to serve as a foundation for a Bankruptcy Plan that will benefit the Class and other creditors;

- to offer voluntarily my few remaining liquid funds to further support such a Plan.

This case, however, has destroyed Les Halles and the landlord has taken back the space, temporarily preventing me from continuing a source of revenue to help the Class. I am trying to find another location or even a partnership (running operation which could use a known brand name to boost business). In addition, I am insolvent, barely have liquid funds to function, and my assets (which I have disclosed to Class counsel) are heavily liened. I do not think the Court intended to drive me into personal bankruptcy.

Under all of these equities and the controlling law of discussed above, I submit that the sanctions order should be reconsidered and vacated, and at a minimum, the Court should hold argument and a hearing.

Respectfully,

Philip Lajaunie

Cc: (by email)
Maimon Kirshenbaum, Esq.
Jeffrey Goldman, Esq.