

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, *et al.*,

                Plaintiffs,

-v-

PHILIPPE LAJAUNIE, *et al.*,

                Defendants.

No. 13-cv-6503 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a motion from Defendant Philippe Lajaunie (Doc. No. 308) seeking reconsideration of the Court's August 10, 2016 Order (Doc. No. 260) sanctioning Defendants and entering default judgment against Defendants. For the reasons set forth below, this motion is denied.

    The Federal Rules of Civil Procedure provide different standards for reconsideration of different types of orders and judgments. With respect to "final judgments, orders, and proceedings," for instance, Rule 60 allows reconsideration in limited circumstances only. *See* Fed. R. Civ. P. 60(b). For non-final orders, on the other hand, Rule 54(b) allows for reconsideration in the district court's equitable discretion. *See* Fed. R. Civ. P. 54(b) (stating that non-final judgments "may be revised at any time before the entry of a [final judgment]"); *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("'So long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" (quoting *United States v. Jerry*, 487 F.2d 600, 604–05 (3d Cir. 1973))).[1]

---

[1] Although the Second Circuit has sometimes stated that reconsideration of non-final orders is limited by the law of the case doctrine, *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("We have limited district courts' reconsideration of earlier decisions under Rule 54(b)

Here, because this Court's order granting sanctions and entering default judgment was a non-final order, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), the equitable standard of Rule 54(b) applies. Under that standard, a court must be mindful that "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Comm.*, 322 F.3d at 167 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). Consequently, a motion for reconsideration should be denied unless there is a strong likelihood that the district court's decision would ultimately be reversed on appeal. In that situation, reconsideration saves the parties' (and the Circuit's) time by avoiding a second, unnecessary battle in the Court of Appeals. A strong likelihood of reversal exists, and thus reconsideration should be granted, where there is "an intervening change of controlling law, . . . new evidence, or [a] need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartkov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted). A party can generally establish clear error or manifest injustice by "point[ing] to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendant utterly fails to meet this standard. In his letter, Defendant references recent Second Circuit and Supreme Court cases where sanctions imposed were altered and/or limited; however, none of the cited cases involved facts similar to this case nor announced legal rules that apply to this case. For example, the cases cited by Defendant – *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017), *Virginia Properties, LLC v. T-Mobile Northeast LLC*, 865 F.3d 110 (2d Cir. 2017), and *Funk v. Belneftekhim*, 861 F.3d 354 (2d Cir. 2017) – involved, respectively, limitations on a district courts inherent authority to impose sanctions of *attorney's*

---

by treating those decisions as law of the case . . . ."), it has also made clear that this limitation is more of a suggestion than a binding rule, *see Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) ("The doctrine of law of the case is [itself] 'discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.'" (citation omitted)).

*fees*, a fact-bound issue of evidentiary sufficiency, and dealt with the lower court's determination to wholly strike a jurisdictional defense that would otherwise have been likely to result in the dismissal of the sanctioned party from the case. Furthermore, Defendant's letter offers no factual reason for the Court to reconsider its order, and certainly none that convinces the Court that its August 10, 2016 order would be reversed on appeal or constituted a manifest injustice.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for reconsideration is DENIED.

SO ORDERED.

DATED:   August 24, 2017
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3