UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, *et al.*,

              Plaintiffs,

-v-

PHILIPPE LAJAUNIE, *et al.*,

              Defendants.

No. 13-cv-6503 (RJS)
<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

RICHARD J. SULLIVAN, Circuit Judge:

    On August 16, 2016, the Court entered a default judgment against Defendants and referred this case to the Honorable Sarah Netburn, Magistrate Judge, for an inquest on damages. (Doc. No. 260.) Now before the Court is Judge Netburn's Report and Recommendation recommending that the Court award Plaintiffs damages of $3,988,512.70, plus prejudgment interest with respect to the compensatory damages award under the New York Labor Law (the "NYLL"), and attorneys' fees of $666,332.50 and costs of $20,378.09. (Doc. No. 325 (the "Report and Recommendation").) For the reasons set forth below, the Court adopts the Report and Recommendation its entirety.

## I. BACKGROUND

    Plaintiffs are former servers, bussers, and bartenders who worked at Brasserie Les Halles, a French Restaurant owned and operated by Defendants, during the period between 2006 and 2014. (*See, e.g.*, Doc. No. 296-1 ¶¶ 3, 6.) As relevant here, the Court ordered Defendants on April 15, 2016 to produce certain discovery materials to Plaintiffs no later than June 16, 2016. (Doc. No. 219.) However, at a June 21, 2016 conference, Defendants admitted that they had failed to comply with the Court's April 15, 2016 Order. (Doc. No. 228 at 5:12–6:15.) Accordingly, the Court ordered Defendants to comply with the April 15, 2016 Order within one week; the Court also

warned Defendants that their continued noncompliance would result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2) and/or the Court's inherent sanctioning power, including the possible grant of a default judgment in Plaintiffs' favor. (*Id.* at 18:6–14, 19:17–20:2, 26:19–23, 27:15–24; Doc. No. 224.) Following repeated warnings, the Court finally entered a default judgment against Defendants on August 10, 2016. (Doc. No. 260.) That same day, the Court referred this matter to Judge Netburn for an inquest on damages. (Doc. No. 261.) Two days later, Defendant Philippe LaJaunie moved for reconsideration of the Court's August 10, 2016 Order (Doc. No. 267), a motion which the Court denied on September 1, 2016 (Doc. No. 273).

On February 2, 2018, Judge Netburn submitted her Report and Recommendation. (Doc. No. 325.) On February 5, 2018, in accordance with Judge Netburn's directive (*see id.* at 20, 30), Plaintiffs submitted additional time and payroll records to support Plaintiff Efrain Ramirez's claim for damages. (Doc. No. 326.) That same day, Defendant Philippe LaJaunie filed his objections to the Report and Recommendation, arguing that liquidated damages are inapplicable when a default judgment is imposed as a sanction. (Doc. No. 327.)

## II. LEGAL STANDARD

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "When no objections to a Report and Recommendation are made, the Court may adopt the Report if there is no clear error on the face of the record." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 401 (S.D.N.Y. 2010); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Borcsok v. Early*, 299 Fed. Appx. 76, 77 (2d Cir. 2008). But if a party "properly objects" to – that is, raises

2

objections that are "clearly aimed at particular findings in" – the magistrate judge's report, the district court reviews those findings *de novo*. *Rodriguez v. Colvin*, No. 12-cv-3931 (RJS), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted); *see also* 28 U.S.C. § 636(b)(1)(C). Where the objections are improper – because they are "conclusory[,]" "general[,]" or "simply rehash or reiterate the original briefs to the magistrate judge" – the district court will review the magistrate's findings only for clear error. *Rodriguez*, 2014 WL 5038410, at *3. "Where, as here, the objecting party is proceeding *pro se*, the Court construes the objections liberally." *Wearing v. Lavalley*, No. 10-cv-8307 (JPO), 2015 WL 6738327, at *1 (S.D.N.Y. Nov. 4, 2015); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("The objections of parties appearing *pro se* are generally accorded leniency and should be construed to raise the strongest arguments that they suggest.") (internal quotations omitted).

### III. DISCUSSION

#### A. Applicability of Liquidated Damages

In his objections, Defendant LaJaunie argues that liquated damages should be inapplicable where, as here, a default judgment was imposed as a sanction. (Doc. No. 327.) However, as noted by Judge Netburn, "[t]he Supreme Court has 'equated the sanction of default to a waiver by the malefactor of the opportunity to contest the factual or legal basis for the adverse ruling or judgment imposed as a sanction.'" (Doc. No. 325) (quoting *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, No. 00-cv-3613 (LAP), 2004 WL 1943099, at *13 (S.D.N.Y. Aug. 27, 2004)); *see also Hammond Packing Co. v. State of Ark.*, 212 U.S. 322, 351 (1909) (explaining that the sanction "exerted below [by the district court] was like the authority to default . . . because of a failure to answer, based upon a presumption that the material facts alleged or pleaded were admitted by not answering . . . ."). Accordingly, because Plaintiffs have sufficiently alleged that Defendants acted willfully in violating both the Fair Labor Standards Act

3

(the "FLSA") and the NYLL (*see* Doc. No. 104), the Court finds that Judge Netburn properly assessed liquidated damages. *See, e.g., Alvarez v. 215 N. Ave. Corp.*, No. 13-cv-7049 (NSR) (PED), 2015 WL 3855285, at *5 (S.D.N.Y. June 19, 2015) ("Plaintiff alleges that Defendant committed FLSA violations willfully . . . which the Court accepts as true by virtue of Defendant's default[.]"); *Rodriguez v. Globe Inst. of Tech.*, No. 15-cv-1435 (RA) (SN), 2016 WL 5795127, at *2 (S.D.N.Y. Aug. 10, 2016) ("A plaintiff's allegations of willful violation will be taken as true by virtue of a defendant's default.").

This is true even though Defendant LaJaunie vigorously argues that any violations of the FLSA and the NYLL that he may have committed were in good faith. Again, Defendant LaJaunie foreclosed his ability to argue that he acted in good faith by repeatedly failing to comply with numerous court orders. (*See, e.g.*, Doc. No. 260.) And "LaJaunie has not offered [any] *indisputably contradictory* evidence that challenges the allegations that Defendants violated FLSA and NYLL willfully and not in good faith." (Doc. No. 325 at 8) (emphasis in original). Thus, as Judge Netburn stated, "Defendants' default is deemed to constitute a concession to Plaintiffs' well-pleaded claims that the alleged FLSA and NYLL violations were willful and not in good faith." (*See* Doc. No. 325 at 8–9.)

B. Damages, Attorneys' Fees, and Costs

Because Defendant LaJaunie only objects to Judge Netburn's Report and Recommendation insofar as she recommends that the Court award liquidated damages, the Court reviews the remainder of the Report and Recommendation for clear error. *See, e.g., Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 401 (S.D.N.Y. 2010). After conducting a review of the record – including Plaintiffs' February 5, 2018 submission – the Court concludes that the remainder of Judge Netburn's Report and Recommendation is reasonable and not clearly erroneous. Accordingly, the Court adopts the rest of the Report and Recommendation in its entirety.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Judge Netburn's thorough and well-written Report and Recommendation, IT IS HEREBY ORDERED THAT Plaintiffs are entitled to a judgment against Defendants in the amount $4,675,223.29, consisting of $3,988,512.70 in damages, $666,332.50 in attorneys' fees, and $20,378.09 in costs. IT IS FURTHER ORDERED THAT Plaintiffs are entitled to prejudgment interest with respect to all compensatory damages awarded pursuant to the NYLL, as set forth in Judge Netburn's Report and Recommendation. (*See* Doc. No. 325 at 21–22.) IT IS FURTHER ORDERED THAT damages for Plaintiffs' § 196-d and spread-of-hours claims shall be allocated to class members according to each restaurant's tip pool system, while all other damages shall be allocated pursuant to the damages spreadsheets provided by Plaintiffs. (*See* Doc. No. 296.) The Clerk of Court is respectfully directed to enter a judgment against Defendants consistent with the foregoing, mail a copy of this Order to Defendant LaJaunie, and close this case.

SO ORDERED.

Dated:         February 15, 2019
               New York, New York

                                              RICHARD J. SULLIVAN
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation