**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise A. Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.JK-LLP.com |

March 29, 2019

**VIA ECF AND E-MAIL**

Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  **Murphy v. LaJaunie**
        **No. 13 Civ. 6503 (RJS)**

Dear Judge Sullivan:

  Together with the Law Offices of Jeffrey E. Goldman, we are class counsel in the above-referenced action. I write to briefly respond to Defendant Philippe Lajaunie's letter in opposition to Plaintiffs' proposed judgment dated March 28, 2019 ("3/28/19 Letter"). With one exception (the identification of a duplicate entry), the objections raised in the 3/28/19 are meritless. In a clear attempt to stall and delay judgment, most of the objections address matters that have previously been litigated and decided by this Court. For the reasons set forth below, we respectfully request that the Court reject Lajaunie's objections and enter judgment.

  Lajaunie's objection to the interest calculation on the spread of hours damages fundamentally misunderstands how interest is to be calculated. (3/28/19 Letter at 3.) Pre-judgment interest is properly calculated from the damages mid-point to the date of judgment. (Dkt. No. 325 at 21.) That is precisely how Plaintiffs calculated interest on their spread of hours claims. (Dkt. No. 332-2.)

  Lajaunie objects to the combined allocation of N.Y. Lab. L. § 196-d and spread of hours damages. (3/28/19 Letter at 2-3.) This objection is groundless. In their inquest submissions, Plaintiffs proposed this very method of allocation. (Dkt. No. 296-16 at 15.) Judge Netburn recommended the use of this allocation method (Dkt. No. 325 at 22), and this Court subsequently ordered the implementation of this allocation method. (Dkt. No. 328 at 5.) Accordingly, all of Lajaunie's objections that are based on this allocation method (his points 1 and 2.a. regarding Exhibit 3) should be rejected, as they have already been litigated. (3/28/19 Letter at 2-3.)

  Lajaunie's objections to the inclusion of certain class members (his points 2.b. and 2.c. regarding Exhibit 3) are also meritless. (3/28/19 Leter at 3.) To calculate the damage allocation, Plaintiffs used the class list that Defendants previously provided to Plaintiffs, subject to certain adjustments and additions that have been described in prior submissions. In other words, the people Lajaunie now seeks to exclude from the class are people who *Defendants* previously

1

determined were in fact class members. That class list was referenced repeatedly in Plaintiffs' inquest papers, and the list itself (with the exception of contact information) was submitted with Plaintiffs' inquest papers as Exhibit 31. (Dkt. No. 296-11.) Any objection to the composition of the class (however baseless) should have been made in the context of the inquest, not now, in a last ditch attempt to forestall judgment.

Lajaunie's contention that Les Halles Park Avenue bartenders should be excluded from the class (3/28/19 Letter at 3, 4) was previously briefed, and the Court rejected that argument. (*See* Dkt. No. 167 at 17-18 (Defendants' argument that Les Halles Park Avenue bartenders were not affected by the inclusion of maître d's in the tip pool); Dkt. No. 179 at 4-6 (Plaintiffs' response to Defendants' argument regarding bartenders); Dkt. No. 196 at 2 (Order granting class certification of, *inter alia*, N.Y. Lab. L. § 196-d claims and including bartenders in the class definition); Dkt. No. 219 (Order approving class notice (Dkt. No. 217-1) addressed to, *inter alia*, bartenders).) Accordingly, Lajaunie's points 4 and 5 regarding Exhibit 3, in which he argues that Les Halles Park Avenue bartenders should be excluded from the class, should be rejected.

Lajaunie has also identified potential duplicate entries that appeared in the original class list produced by Defendants and now appear in the settlement allocation: Lazaro Calel Tzarax and Lazaro Calel Tarax. (3/28/19 Letter at 3-4.) Lajaunie is likely correct that these entries are for the same person. Accordingly, we propose that in the event of a monetary recovery in this case, these two entries be consolidated into a single entry using the longer work period of February 2, 2010 to April 9, 2013 (from the Tzarax entry), and the N.Y. Lab. L. § 196-d and spread of hours allocation listed for Lazaro Calel Tarax be re-allocated on a *pro rata* basis among the other Les Halles Park Avenue class members.

With the exception of the Tarax/Tzarax issue, Lajaunie has made meritless objections and sought to relitigate already-resolved issues in the 3/28/19 Letter. It is clear that Lajaunie is seeking to avoid the finality of the Court's previous decisions and the finality of a judgment. To be sure, Lajaunie concludes his submission by requesting that this matter be referred *back* to the Magistrate Judge and that Plaintiffs' counsel be required to spend additional uncompensated time going through boxes of Defendants' documents to rectify fabricated deficiencies[1]. Lajaunie was held in default on August 10, 2016, roughly two and a half years ago. (Dkt. No. 260.) We respectfully request that Lajaunie's continued delay tactics be rejected, and judgment entered in accordance with Plaintiffs' March 14, 2019 submission.

We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: Philippe Lajaunie

---

[1] Of course, this request further ignores the fact that documents from large periods of time are missing from the boxes of documents that Defendants produced to Plaintiffs, making it impossible to compile comprehensive and accurate information from those documents.