MANDATE

19-2705-cv (L)
*Ayinola v. Lajaunie*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:   DENNIS JACOBS,
           DENNY CHIN,
                   *Circuit Judges*,
           J. PAUL OETKEN,
                   *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NYAMKA AYINOLA, RAUL CARDENAS, AND LUCERO PALEMON, ON BEHALF OF THEMSELVES AND OTHERS SIMILIARLY SITUATED, EFRAM RAMIREZ, ELISEO SOLANO, ROBERTO PEREZ, EDGAR OCTOXTLE, ELENO OCOTOXTLE, RONY OCOTOXTLE, ALAN URBINA, ISIDORO VENTURA, OSIEL BRAVO, JORDAN CORTEZ, LUIS VARONA, REN ESPINOZA ROSAS, NERY CHAVEZ, ELIZA BALDI COSTABILE, MOHAMMAD KHALIK, JEAN-

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 03 2021

---

\*       Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 06/03/2021

RENE MONGE, DOUMBIA MOYAKABI, LARBI OUFKIR, CATALINO RAMIREZ PEREZ, RICARDO XICOHTENCATL MANZANO, FRANCISCO AQUINO, ROBIN WILSON-JAYARAMAN, LOREN ESCANDON, NICOLE CLOUSE, ABDIAS PEREZ, TARAX SANTOS, JAMES W. HULIHAN, REZWANUL CHOWDURY, EDWARD SNYDER, LUIS ROMERO, LAZARO TARAX, ZENON CAMARILLO, NOE REMIREZ, FRANCISCO SOLANO, DANIEL TITO, VALENTE MARTINEZ, LANDRY UZZLE, VICTOR BONILLO, HERIBERTO VAZQUEZ, FERNANDO ROA, TIM SIEMERS, CRISTINA FLOAREA, JOSE MIZHQUIRI, KURT ROEDIGER, RENE ROMERO, SOLANO JUAN NAVA, EDWARD LANE, JUAN VINANZACA, TROY HEDIEN, ALBERT Q. TAYLOR, REJINO MEJIA, RAPHAEL MYRON HEDJAZI, NEFTALI OSORIO, JOHN PAUL CRUCIANELLI, BARUN CHAKRABORTY, IAN EDWARD MALLOY, VALERIA OLMOS, JOWEL CHOWDHURY, CHRISTOPHER DAVIS, PAOLA BETANCES, PHILIPPE VERNER, NATALIA BAINDURISHUILI, BRANDON RAGAN, SHARIF CHOUDHURY, ALEXANDER HARPER, CRAIG WATSON, JOSEPH GUARINO, CHANNON SIMMONS, SUZANNE MEYERS, SREBRINA BALOVA, KAISER AHMED, TAHER AHMED, TUFAIL AHMED,

      *Plaintiff-Appellees*,

ETHAN MURPHY, STEPHANIE CASTILLO, CHRISTOPHER L. SCOTT, LOGAN SCOTT, AND NICOLE CLOUSE, ON BEHALF OF THEMSELVES AND OTHERS SIMILIARLY SITUATED, NYAMKA AYINDE, EFRAIN RAMIREZ,

2

        *Plaintiffs-Appellees-*
        *Cross-Appellants,*

-v-                                                      19-2705-cv L
                                                                           19-2872-cv XAP

PHILIPPE LAJAUNIE,

        *Defendant-Appellant-*
        *Cross-Appellee,*

LA BOUCHERIE INC., 15 JOHN CORPORATION, LHLM GROUP, CORPORATION, AKA BRASSERIE LES HALLES NEW YORK, XYZ CORPORATION,
        *Defendants.*†

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLEES: | DENISE A. SCHULMAN, Joseph & Kirschenbaum LLP, New York, New York. |
| FOR DEFENDANT-APPELLANT: | MICHAEL S. DEVORKIN, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, New York. |

Cross-appeals from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, the cross-appeal is **DISMISSED**, and the case is **REMANDED.**

---

       †      The Clerk of Court is respectfully directed to amend the caption as set forth above.

3

Plaintiffs are former servers, bussers, and bartenders who worked at the two Les Halles restaurants in New York City. They allege that defendant-appellant Philippe Lajaunie[1] and defendants La Boucherie, Inc. ("La Boucherie"), 15 John Corp., and LHLM Group, Corp., a/k/a Brasserie Les Halles New York (together with Lajaunie, "defendants"), the owners and operators of the restaurants, violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by inappropriately distributing tip payments to maître d's and failing to pay plaintiffs proper minimum wages or overtime.

In an opinion and order entered March 22, 2016, the district court granted defendants' summary judgment motion in part, dismissing plaintiffs' claims against Lajaunie under the NYLL and otherwise permitting plaintiffs' claims to proceed against all defendants, including Lajaunie. Thereafter, defendants failed to meet their discovery obligations, and the district court held defendants in contempt and entered a default judgment against them. The district court also reconsidered its grant of summary judgment in favor of Lajaunie on the NYLL claims, and eventually entered judgment against Lajaunie and La Boucherie, jointly and severally, in the amount of $6,091,040.40.

The two restaurants went out of business and the corporate defendants are judgment proof, and thus Lajaunie is the only defendant participating in these

---

[1] The record is inconsistent as to the capitalization of Lajaunie's name; as Lajaunie's brief on appeal gives his name as "Lajaunie," Appellant's Br. at 1, we use that capitalization here.

4

appeals. Lajaunie appeals from the entry of judgment against him, and plaintiffs cross-appeal from the (later reversed) dismissal of the NYLL claims against Lajaunie. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.  Sanctions

"We review the imposition of sanctions for noncompliance with discovery orders for abuse of discretion." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). A district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (internal quotation marks omitted)).

Rule 37(b) provides that a court may impose sanctions on a party for disobedience of a discovery order. Fed. R. Civ. P. 37(b)(2). District courts possess "wide discretion" in imposing sanctions under Rule 37. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). However, "[t]he sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the [sanctioned party]." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)).

5

We consider the following factors in examining whether a district court properly exercised its discretion in entering a default judgment: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration and internal quotation marks omitted).

On April 15, 2016, the district court held a conference with both parties, set a trial date of September 12, 2016, and entered an order (the "April 15 order") requiring defendants, including Lajaunie, to produce (1) a class list to plaintiffs by June 1, 2016 and (2) other discovery, including, for example, time records, payroll records, and dates of employment for all maître d's by June 16, 2016.

On May 31, Kaufman Dolowich & Voluck, LLP ("KDV"), the law firm then representing defendants, sought to withdraw as counsel, citing defendants' failure to pay over $100,000 in legal fees. On June 21, 2016, the district court denied KDV's motion to withdraw. Because Lajaunie had failed to comply with the production deadlines of June 1 and June 16, the court warned Lajaunie that he would be in danger of being held in default or otherwise sanctioned if he continued to fail to comply with the court's orders.

6

By June 27, Lajaunie produced a class list, 2.4 gigabytes of un-redacted tip sheets spanning the class period, and five boxes of documents. On June 28, Lajaunie produced an additional five boxes of documents. KDV then wrote a letter to the district court stating that defendants had advised KDV that "all responsive documents in their possession have been produced to [p]laintiffs," but that KDV "cannot confirm if [d]efendants' representation is accurate." App. at 665. The record reveals, however, that Lajaunie first told KDV that he produced what he "could find" as of June 28 and that more documents would be forthcoming but later advised that he had "fully complied with the court's order, as of today." Appellant's Reply Br. at 12. It is also worth noting that, at this time, the relationship between KDV and Lajaunie was strained by Lajaunie's failure to pay KDV and KDV's attempt to withdraw as counsel.

On June 29, plaintiffs informed the district court that the documents produced by defendants were mostly irrelevant or unresponsive. On July 1, KDV wrote to the district court denying that KDV had facilitated any of defendants' alleged misconduct and arguing that KDV should not be sanctioned. On or about July 6, Lajaunie produced twelve more boxes of documents. Notwithstanding the volume of raw documents produced, the plaintiffs represented that much of the discovery ordered on April 15 remained outstanding.

On July 14, the Court issued its first order imposing contempt sanctions on defendants for their failure to comply with the discovery orders. Although it denied

7

plaintiffs' request for a default judgment, the district court warned defendants that it would likely hold them in default if they did not comply in the following two weeks. On July 20, KDV renewed its motion to withdraw.

On August 10, 2016, the district court issued a memorandum opinion (1) ordering defendants to pay a $7,000 sanction for failing to comply with its discovery orders; (2) granting plaintiffs' motion for reconsideration of the partial summary judgment order in Lajaunie's favor, finding that there were genuine issues of material fact regarding Lajaunie's employer status under the NYLL; (3) granting default as to liability against all defendants on all remaining claims; (4) referring the case to a Magistrate Judge for a damage inquest; and (5) granting KDV's renewed motion to withdraw. On August 1, 2019, the district court entered a judgment awarding damages of $6,091,040.40 to plaintiffs.

Lajaunie contends that the district court abused its discretion in ordering these sanctions. We agree with respect to the entry of a default judgment against Lajaunie in the amount of $6,091,040.40. While Lajaunie's failure to comply with his discovery obligations was not acceptable, it is not apparent from this record that his noncompliance was willful or the result of bad faith, and a sanction in excess of $6 million was unduly harsh in the circumstances here. Lajaunie produced the class list by June 27, and the only deadline that Lajaunie had failed to meet at that point was the June 16 deadline. Therefore, as of August 10, when the district court imposed the

8

sanctions, Lajaunie had been noncompliant for less than two months. While the time period of noncompliance is not determinative, the short period here weighs against the issuance of severe sanctions. *See Funk v. Belneftekhim*, 861 F.3d 354, 368 (2d Cir. 2017) (a three-month period of noncompliance is "not inordinately long"). *Cf. Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (upholding sanction of dismissal where plaintiff "violated a series of court orders" over period of three months). Further, Lajaunie faced numerous challenges: the reduction of his administrative staff to one remaining member, the March 2016 closure of the restaurant that housed many of the requested documents, and strained relations with his attorneys. Moreover, Lajaunie in fact produced some documents (although many apparently were non-responsive) and apparently was making an effort to comply with the district court's orders.

We have previously held that a district court abuses its discretion in issuing harsh sanctions where lesser efficacious alternatives are available. *See Funk*, 861 F.3d at 372–73 (stripping defendant of jurisdictional defense was unduly harsh where district court could have imposed "lesser efficacious sanctions"). While Lajaunie failed to fully comply with the court's orders, he made several efforts between April 15 and August 10 to produce documents notwithstanding significant impediments. The existing record does not establish that Lajaunie's failure to comply for two months was a result of willfulness or bad faith. *See Va. Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017) ("[W]e require a high degree of specificity in the factual findings of

9

lower courts upon which sanctions for bad faith are based." (internal quotation marks omitted)).

Accordingly, we conclude that the district court abused its discretion in entering a default judgment against Lajaunie and imposing what amounted to sanctions of $6,091,040.40.

## II.     Summary Judgment

In their cross-appeal, plaintiffs challenge the district court's March 22, 2016 order granting in part and denying in part defendants' motion for summary judgment "to the extent" it dismissed the NYLL claims against Lajaunie, Appellee's Br. at 55, and additionally appeal the district court's April 14, 2016 denial of the plaintiffs' first motion for reconsideration.  On August 10, 2016, however, the district court granted plaintiffs' renewed motion for reconsideration and reinstated the NYLL claims against Lajaunie.  Indeed, the district court's final judgment included an award to plaintiffs for damages under the NYLL.  Therefore, plaintiffs' "attack on the denial of summary judgment has been overtaken by subsequent events," namely, the order granting plaintiffs' renewed motion for reconsideration and entry of judgment in their favor on this claim.  *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 130 (2d Cir. 1999) (internal quotation mark and citation omitted).  "A party who receives all that he has sought generally is not aggrieved by the judgment affording relief and cannot appeal from it."  *Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 333 (1980); *see Fort Knox Music*

10

*Inc. v. Baptiste*, 257 F.3d 108, 110 (2d Cir. 2001) (concluding that an appeal is moot when "[t]he judgment originally challenged . . . has been vacated").

We therefore decline to review the district court's March 22, 2016 order granting in part and denying in part defendants' motion for summary judgment and the district court's April 14, 2016 denial of the plaintiffs' motion for reconsideration, and dismiss the cross-appeal.

\* \* \*

For the foregoing reasons, we **VACATE** the judgment of the district court, we **DISMISS** plaintiffs' cross-appeal, and we **REMAND** the case for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11