UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

ETHAN MURPHY, et al.,

                Plaintiffs,

        v.                                      No. 13-cv-6503 (RJS)

Philip Lajaunie, et al.,                   Motion for Recusal

                Defendants.

------------------------------------------x

**Defendant Lajaunie's Motion for Judge Recusal**

On August 16, 2016, after sanctioning me for an alleged violation of a discovery order, the Court entered a default judgment against Defendant and referred this case to Judge Netburn for an inquest on damages. The Court adopted Judge Netburn's Report and Recommendation and, on July 23, 2019, ordered that Plaintiffs were entitled to judgment in the amount of $6,091,040.40.

On June 1, 2020, Defendant filed a Notice of Appeal No. 19-2705-cv (L) in the United States Court of Appeals for the Second Circuit, and Plaintiffs filed cross-appeal No. 19-2872-cv (XAP). On May 13, 2021, the Court of Appeals found that this Court's sanctions order and default judgment were an abuse of discretion; vacated the District Court's judgment; dismissed Plaintiffs' cross-appeal; and remanded the case for proceedings. Although the Court of Appeals did not rule on my request that the case be reassigned if the order were reversed and the case remanded, this issue is not resolved.

There is a high standard requiring impartiality. Even when a Court can objectively be impartial, this is not the standard. This Court should recuse itself when "the facts might reasonably cause an objective observer to question the judge's impartiality, or . . . to preserve the

*appearance of justice."* See *Ligon v. City of New York*, 736 F.3d 118, 128 (2d Cir. 2013) (emphasis added).  Even if a court could fairly conduct further proceedings, recusal is advisable where the court could be "expected to have difficulty putting aside [its] previously expressed views, [or where it] . . . is advisable to preserve the appearance of justice." *Id.* Although the parties have the option of Magistrate Netburn hearing the case for all purposes, that does not suffice, because each party has the right to have the matter before an Article III judge.

Defendant respectfully requests that the Court recuses itself.   I recognize that the Court has discretion whether to recuse itself or not, but I am deeply concerned because the Court's has made numerous intensely personal findings against me as to credibility, intent, motive, character, and bad faith, many without any evidence in the record, while I was virtually *pro se*, and without an evidentiary hearing or a reasonably opportunity to find counsel and to confront the accusation. All were based on erroneous assumptions of my intentions, motives, and capabilities on making a case.   These are all detailed in my brief on appeal.  As a result, I have often felt, and any objective observer would conclude that there is a record evidencing that the Court was biased against me, especially while I was unrepresented, when it precipitously acted in its findings. Even though the Court has presided over this case for a lengthy period, its comments and findings rise to a level beyond mere "impatience or annoyance." *United States v. Quattrone,* 441 F.3d 153, 192-93 (2d Cir. 2006); see *Mackler Prods. Inc. v. Cohen,* 225F.3d 136, 146-47 (2d Cir. 2009).

For these reasons, I respectfully submit the Court cannot be impartial, and at a very minimum, its intensely negative, personal findings would cause an objective observer to question the Court's ability to be impartial and set aside these very personal findings in order to preserve the appearance of fairness, impartiality, and justice.

Respectfully Submitted,

Date: June 21, 2021

Philip Lajaunie,         */s/ PhilipLajaunie*

Appearing *pro se*

Bordeaux, France

[PL@VeeqGroup.com](mailto:PL@VeeqGroup.com)

Cell phone/WhatsApp +1 (917) 628-8884

Skype: PLajaunie1

Teams, Zoom