UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, ET AL.,

                      Plaintiffs,

-v-

PHILIP LAJAUNIE, ET AL.,

                      Defendants.

No. 13-cv-6503 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Defendant Philip LaJaunie moves for the Court's recusal from presiding over his case. (Doc. No. 363.) LaJaunie argues that the Court has "made numerous intensely personal findings against [him] as to credibility, intent, motive, character, and bad faith" and that as a result "any objective observer would conclude that there is a record evidencing that the Court was biased against [him]." (Doc. No. 363 at 2.) Although LaJaunie does not identify the statutory basis for his motion, the Court construes his motion to be one for recusal under 28 U.S.C. § 455(a).[1]

    Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Impartiality is evaluated "on an *objective* basis;" therefore, recusal is required whenever "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotation marks omitted); *see also*

---

[1] To the extent that LaJaunie's motion could be construed as one for recusal under 28 U.S.C. § 144, the recusal analysis is the same as under § 455. *See United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986). To the extent that LaJaunie's motion could be construed as one for recusal under the Due Process Clause, LaJaunie fails to adduce any facts that would evidence "a serious risk of actual bias." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009).

*United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).  Although it is possible for a judge's comments and behavior in court to give rise to a reason to question his impartiality, *see Ligon v. City of New York*, 736 F.3d 118, 124–26 (2d Cir. 2013), such cases are rare, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Even when a district court has been reversed on appeal, the "general rule" is that cases are remanded "without any directions or suggestions as to the judge before whom they are to be conducted." *United States v. Robin*, 553 F.2d 8, 9 (2d Cir. 1977) (en banc).  The presumption is that there is no need to replace the judge who has been presiding over the case absent special circumstances that threaten the appearance of impartiality.  *See id.*; *United States v. Quattrone*, 441 F.3d 153, 192–93 (2d Cir. 2006); *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146–47 (2d Cir. 2000).  Indeed, the law of this Circuit is clear that a judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Here, recusal is not warranted because there is no chance that "a reasonable person, knowing all the facts, would conclude that the [Court's] impartiality could reasonably be questioned." *Wedd*, 993 F.3d at 114 (internal quotation marks omitted).  LaJaunie generally alludes to the Court's prior adverse rulings as a basis for remand, but those rulings alone are insufficient to warrant recusal.  *See United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992) ("Earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality.").  Moreover, LaJaunie points to nothing else that might lead one to question the Court's impartiality.  Clearly, the fact that LaJaunie might prefer a different judge is of no moment: "Litigants are entitled to an unbiased judge; not to a judge of their

choosing." *In re Drexel Burnham*, 861 F.2d at 1312. Therefore, given LaJaunie's failure to provide an objective basis to support recusal, the Court is "obliged not to recuse." *Id.* Accordingly, LaJaunie's "Motion for Judge Recusal" is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 363.

SO ORDERED.

Dated: June 29, 2021
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation