# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L.
SCOTT, LOGAN SCOTT, NICOLE
CLOUSE, NYAMKA AYINOLA,
EDGAR OCOTOXTLE, and EFRAIN
RAMIREZ, on behalf of themselves and
others similarly situated,

No. 13 Civ. 6503 (RJS) (SN)

Plaintiffs,

v.

PHILIPPE LAJAUNIE, LA
BOUCHERIE INC., 15 JOHN CORP,
LHLM GROUP, CORP. a/k/a
BRASSERIE LES HALLES NEW
YORK, and XYZ CORP.,

Defendants.

## STIPULATION

WHEREAS, on September 4, 2012, Plaintiff Ethan Murphy commenced an action against

Defendants Philippe Lajaunie ("Lajaunie"), LHLM Group, Corp. a/k/a Brasserie Les Halles New

York ("LHLM"), and XYZ Corp. in the Supreme Court of the State of New York, County of New

York (the "State Court Action");

WHEREAS, the State Court Action was subsequently removed to the United States District

Court for the Southern District of New York, where it was assigned case number 13 Civ. 6503 (the

"Action"), and the defendants are Lajaunie, LHLM, La Boucherie Inc. ("La Boucherie"), 15 John

Corp., and XYZ Corp.;

WHEREAS, the Action asserted Fair Labor Standards Act ("FLSA") and New York Labor

Law ("NYLL") claims against Defendants based on alleged violations that occurred at the Les

Halles restaurants located on Park Avenue South and John Street in Manhattan (the "Restaurants");

WHEREAS, a Class has been certified in the Action consisting of all non-exempt persons employed by Defendants at the Restaurants in any tipped position on or after September 5, 2006, other than Charles Western and Massimiliano Paccagnella, who excluded themselves from the Class (collectively, the "Class Members");

WHEREAS, Joseph & Kirschenbaum LLP and The Law Offices of Jeffrey E. Goldman were appointed as Class Counsel;

WHEREAS, the Restaurants closed in 2016 and 2017;

WHEREAS, all claims against Defendant 15 John Corp. were discharged in bankruptcy;

WHEREAS, Defendant Lajaunie is proceeding *pro se*, and the remaining Corporate Defendants are no longer represented;

WHEREAS, on August 1, 2019, the Court entered a default judgement against Defendant Lajaunie as a result of a discovery order sanction (the "Judgment");

WHEREAS, Defendant Lajaunie appealed the Judgment to the Court of Appeals for the Second Circuit, and Plaintiffs cross-appealed, Docket Nos. 19-2075 (L), 10-2872 (CON);

WHEREAS, on May 13, 2021, the Court of Appeals reversed and vacated the Judgment against Defendant Lajaunie, dismissed Plaintiffs' cross-appeal, and remanded the case to the District Court;

WHEREAS, on September 7, 2021, the Court of Appeals entered an order taxing costs in Defendant Lajaunie's favor against Plaintiffs in the amount of $3,874.20, which sum is due and owing;

WHEREAS, Defendant Lajaunie denies any wrongdoing and violation of law, and the undersigned agree to enter into this binding stipulation for the purpose of resolving this case without further costs and without admitting the merits of any claims or defenses; and

2

WHEREAS, Class Counsel are unaware of any wage and hour claims that any Named Plaintiff intends to pursue against Lajaunie following dismissal of the Action;

IT IS HEREBY STIPULATED AND AGREED by Plaintiffs and Defendant Lajaunie (collectively, the "Parties") that:

1.  The Parties agree to the foregoing whereas clauses, represent and warrant them to be true and accurate, and incorporate them fully into this Stipulation.

2.  Subject to Court approval, the Parties agree to dismiss this Action without prejudice and seek an order of dismissal (the "Order") on the terms set forth herein, and in the form attached hereto as Proposed Order.

3.  Plaintiffs will submit this Stipulation to the Court and take all other actions necessary for (and submit any needed briefing in support of) preliminary approval and authorization of this Stipulation and the notice to Class Members.

4.  Notice of the proposed dismissal will be provided to all Class Members via regular mail to their last known addresses and by email and/or text message for any Class Members for whom Class Counsel has an e-mail address and/or phone number.

5.  Subject to the approval of the Court, the mail and e-mail notice shall be in the form attached hereto as **Exhibit 1**.

6.  Subject to the approval of the Court, the text message notice shall be in the form attached hereto as **Exhibit 2**.

7.  All notices will be provided in English and Spanish.

8.  The Notice will advise Class Members of (i) the date and time of a hearing (the "Final Hearing") before the Court at which Class Members may raise any objections to the final

3

dismissal of this Action; and (ii) the deadline for any Class Member wishing to make any objection and appear at the hearing to submit such objection in writing to Class Counsel.

9.      Class Counsel shall track and keep records of all objections received, including but not limited to whether they were timely received, and provide any objections submitted by Class Members to Lajaunie within three (3) business days of receipt.

10.     At a date set by the Court, Plaintiffs will submit to the Court this Stipulation for final approval, including the proposed order of dismissal in the form attached hereto as **Exhibit 3**, and take all other actions necessary for (and submit any needed briefing in support of) the dismissal of this Action in its entirety.

11.     At a date set by the Court, Plaintiffs will file with the Court any written objections to dismissal of the Action that it receives from Class Members and state whether or not they were timely received, as provided for in the notice of dismissal to Class Members.

12.     Lajaunie will be responsible for paying costs of notice, including but not limited to mailing costs and translation costs, not to exceed $2,000, but shall not pay any fees or internal costs of Plaintiffs' counsel.

13.     To facilitate the payment of notice costs, within seven (7) days of execution of this Stipulation, Lajaunie will advance $1,500 to Class Counsel to be used exclusively for the payment of notice costs.

14.     If notice costs are less than $1,500, Class Counsel will return to Lajaunie the unused portion of that payment.  If notice costs exceed $1,500, Lajaunie will pay to Class Counsel the additional costs, with the total paid by Lajaunie not to exceed $2,000.

15.     Other than Lajaunie's payment of notice costs, as provided for in this Stipulation, upon entry of the Order of dismissal, the Parties shall waive all claims for costs, attorneys' fees,

sanctions, and disbursements incurred in this Action, including costs incurred and awarded in appealing from any and all orders and judgments in this Action.

16.     If the Court objects to a portion of this settlement or is unwilling to fully and finally dismiss this matter, the Parties agree to negotiate in good faith in an attempt to agree upon terms that as closely resemble the Parties' intent set forth in this Stipulation as possible.  If the Court objects to a portion of this settlement or is unwilling to fully and finally dismiss this matter, and the Parties do not reach an agreement upon on new stipulation within fourteen (14) days after the Court's objection or denial of dismissal, the terms of this Stipulation shall no longer apply and will be void *ab initio*.

17.     For each Class Member, the statute of limitations for the claims asserted in this Action will be tolled for six months following entry of the Order of dismissal (the "Tolling Period"), provided, however, this Tolling Period, except as provided by law, shall not apply to claims that have expired as of the date hereof.

18.     During the Tolling Period, Lajaunie designates the following method of accepting service of any action filed by a Class Member asserting the claims asserted in this Action: regular mail addressed to him at 454 W. California Blvd., Pasadena, CA  91105.

19.     Lajaunie may make arrangements with Class Counsel to retrieve the original documents Defendants produced in 2016 within 60 days of entry of the Order of dismissal of the Action.  Class Counsel shall destroy any such original documents remaining in Class Counsel's possession after six months following entry of the Order of dismissal of the Action.

Dated: 10/9/21

_____
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004

_____
Jeffrey E. Goldman
The Law Offices of Jeffrey E. Goldman
260 Madison Avenue, 15th Floor
New York, NY 10016

*Class Counsel*

_____
Philippe Lajaunie
454 W. California Blvd
Pasadena, CA 91105

*Pro se*                    October 14, 2021

6

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ETHAN MURPHY, STEPHANIE
CASTILLO, CHRISTOPHER L. SCOTT,          No. 13 Civ. 6503 (SN)
LOGAN SCOTT, NICOLE CLOUSE,
NYAMKA AYINOLA, EDGAR
OCOTOXTLE, and EFRAIN RAMIREZ,
on behalf of themselves and others
similarly situated,

        **Plaintiffs,**

    v.

PHILIPPE LAJAUNIE, LA BOUCHERIE
INC., 15 JOHN CORP, LHLM GROUP,
CORP. a/k/a BRASSERIE LES HALLES
NEW YORK, and XYZ CORP.,

        **Defendants.**

**IF YOU WERE EMPLOYED AS A SERVER, RUNNER, BUSSER, BARTENDER, OR
BARBACK AT BRASSERIE LES HALLES PARK AVENUE OR BRASSERIE LES HALLES
JOHN STREET AT ANY TIME SINCE SEPTEMBER 5, 2006, PLEASE READ THIS NOTICE.**

**DISMISSAL OF A CLASS ACTION LAWSUIT MAY AFFECT YOUR LEGAL RIGHTS.**

- Plaintiffs sued Philippe Lajaunie, La Boucherie Inc., 15 John Corp., and LHLM Group (collectively, "Les Halles").  The lawsuit alleges, among other things, that Brasserie Les Halles Park Avenue and Brasserie Les Halles John Street (collectively, the "Restaurants") illegally required food service employees to share tips with managers/maitre d's, failed to pay them "spread of hours" pay, which is an extra hour's pay at the New York minimum wage for workdays on which a service employee worked longer than ten hours, and did not pay them the correct minimum wage.

- Defendants denied and have continued to deny any wrongdoing whatsoever.  Defendants asserted that their business records show that no managers ever participated in the tip pool, that the maître d's were eligible to participate in the tip pool, that no food service employee was ever unlawfully denied "spread of hours pay."  Defendant Lajaunie also asserts that he did not engage in any acts that would make him personally liable for any wage and hour violations (if any) at the Restaurants.

- In 2015, the Court allowed the lawsuit to proceed as a certified class action under the New York Labor Law.  The class consists of all individuals employed as servers, runners, bussers, bartenders, barbacks at the Restaurants at any time on or after September 5, 2006.  Les Halles' records show that you are a member of the class.  The attorneys for the class ("Class Counsel") are Joseph & Kirschenbaum LLP and The Law Offices of Jeffrey E. Goldman.

- The Restaurants closed in 2016 and 2017, and in or around 2018 all claims against Defendant 15 John Corp. were discharged in bankruptcy.  In 2019, as part of a discovery order sanction, Plaintiffs obtained a default judgment against Defendant Lajaunie.  However, in 2021 the default judgment was reversed on appeal, and the case was sent back to the trial court for further proceedings, including trial.  On September 7, 2021, the Court of Appeals also entered an order assessing costs in Defendant Lajaunie's favor against Plaintiffs in the amount of $3,874.20.

- **You are receiving this notice because the parties have asked the Court to dismiss the lawsuit without prejudice.  Please read this notice carefully to understand how this affects you.**

1. **What is a dismissal without prejudice?**

   A dismissal without prejudice means that the lawsuit will be dismissed, but each class member can still pursue his or her claims against Defendants in a separate action if those claims are timely (see section 6 of this notice for more information regarding timeliness).  If the lawsuit is dismissed without prejudice, no money will be paid to any class members, Plaintiffs will not have to pay any costs to Defendant Lajaunie, and Class Counsel will no longer represent any class members in their claims against Defendants.

2. **Are Defendants paying any money to dismiss the lawsuit?**

   Defendant Philippe Lajaunie is paying the costs of translating and distributing this notice, up to a maximum of $2,000, and he is waiving his right to recover from Plaintiffs the $3,874.20 in appeal costs that the Court of Appeals awarded to him.  $2,000 is the only money any Defendants are paying in connection with the dismissal of the lawsuit.  Class Counsel will not receive any payment for attorneys' fees or reimbursement for costs other than the cost of translating and distributing this notice, and class members will not receive any payment.

3. **Why are the parties asking the Court to dismiss the lawsuit?**

   After reviewing the relevant facts, including the closure of the Restaurants in 2016 and 2017 and Defendant Philippe Lajaunie's financial condition, Class Counsel concluded that even if Plaintiffs were to win at trial, it is highly unlikely that any money will be recovered for the class members through this lawsuit.  [For mail and e-mail notice only: For additional information, please see the enclosed confidential communication from Class Counsel.]

4. **When will the Court decide whether to dismiss the lawsuit?**

   The Honorable Sarah Netburn will hold a hearing on _____ at _____ a.m/p.m. to determine whether or not to dismiss the lawsuit without prejudice.  The hearing will be held [telephonically/in person at 40 Foley Square, Courtroom 219].  [If telephonic: You may access the hearing by dialing _____.]

5. **What if I don't agree with the dismissal of the lawsuit?**

   If you wish to object to the dismissal of the lawsuit, you must send your written objection to Class Counsel no later than [60 days from notice mailing].  You should send your objection to:

Joseph & Kirschenbaum LLP
32 Broadway
Suite 601
New York, NY 10004

If you wish to speak at the hearing on _____, you must say so in your written objection.  All written objections will be submitted to the Court before the hearing.

**6.  If the lawsuit is dismissed, can I pursue my claims against Defendants?**

Certain statutory deadlines may affect your ability to bring your claims in the future.

The statute of limitations for claims under the federal Fair Labor Standards Act ("FLSA") is two or three years, depending on whether violations were willful.  If you previously filed a consent to sue in this lawsuit, the statue of limitations stopped running when your consent to sue was filed. Otherwise, the statute of limitations has continued to run on your FLSA claims.

The statute of limitations for New York Labor Law ("NYLL") claims is six years.  The statute of limitations for the NYLL claims asserted in the lawsuit stopped running when the lawsuit was filed on September 4, 2012, and you may assert NYLL claims going back to September 5, 2006.

The parties have agreed that if the lawsuit is dismissed without prejudice, the statutes of limitations for the FLSA and NYLL claims asserted in the lawsuit will continue to be paused for six months after the day the lawsuit is dismissed, if the applicable statute of limitations has not already expired.  After that, the statutes of limitations will begin to run again.  **If you have questions about how the statutes of limitations may affect your ability to pursue any claims that you may have against Defendants, you may wish to speak with your own attorney.**

If you begin an action against Defendant Lajaunie within six months after the dismissal of this lawsuit that asserts the same claims asserted in this lawsuit, he has agreed to accept service of such action by the following method: regular mail addressed to him at 454 W. California Blvd., Pasadena, CA 91105.  Any action commenced more than six months after dismissal of this lawsuit must be served on Defendant Lajaunie in the normal manner required by law. Defendant Lajaunie has denied and continues to deny any wrongdoing and violation of law and reserves all of his defenses, rights, and remedies he is entitled to assert against any further claims that are brought by any individual.

**7.  What if I have additional questions?**

If you have additional questions, you may contact Class Counsel:

Denise Schulman                              Jeffrey Goldman
Joseph & Kirschenbaum LLP          The Law Offices of Jeffrey E. Goldman
32 Broadway, Suite 601                   501 Fifth Avenue, Suite 1900
New York, NY 10004                        New York, NY 10017
212-688-5640                                    212-983-8999
denise@jk-llp.com                            jeff@jgoldmanlaw.com

3

# Exhibit 2

## **TEXT NOTICE**

If you worked as a server, runner, busser, bartender, or barback at a Les Halles restaurant in Manhattan at any time on or after September 5, 2006, please visit [INSERT HYPERLINK] to review important information about the potential dismissal of a class action lawsuit against Les Halles.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETHAN MURPHY, STEPHANIE CASTILLO, CHRISTOPHER L. SCOTT, LOGAN SCOTT, NICOLE CLOUSE, NYAMKA AYINOLA, EDGAR OCOTOXTLE, and EFRAIN RAMIREZ, on behalf of themselves and others similarly situated, | No. 13 Civ. 6503 (SN) |

        **Plaintiffs,**

    **v.**

**PHILIPPE LAJAUNIE, LA BOUCHERIE INC., 15 JOHN CORP, LHLM GROUP, CORP. a/k/a BRASSERIE LES HALLES NEW YORK, and XYZ CORP.,**

        **Defendants.**

## [PROPOSED] FINAL ORDER DISMISSING ACTION WITHOUT PREJUDICE

The Court, having considered the parties' Stipulation dated _____, 2021 ("Stipulation") and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1.    Unless otherwise defined herein, all capitalized terms used in this Order (the "Final Order") will have the same meaning as defined in the Stipulation.

2.    The Court has jurisdiction over the subject matter of this action and the Parties.

3.    The Court finds that the Stipulation was the product of arms-length negotiations between.  The Court grants final approval of the Stipulation as fair, reasonable, and adequate as to the Parties and the Class Members (collectively, the "Settling Parties").  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

9.      The action is dismissed without prejudice and without costs, including appellate

costs, to any Party, except as expressly set forth in the Stipulation.  In accordance with the terms

of the Stipulation, the statutes of limitations for the claims asserted in the action are tolled for all

Class Members for six months from the date of this Final Order (the "Tolling Period"), provided,

however, this Tolling Period, except as provided by law, shall not apply to claims that have

expired as of the date of this Final Order.

10.     Without affecting the finality of this Final Order, the Court reserves continuing

and exclusive jurisdiction over parties to the Stipulation to administer, supervise, construe, and

enforce the Stipulation in accordance with its terms for the mutual benefit of the parties.


IT IS SO ORDERED.

DATED:_____ , 2021


                                              _____
                                              Hon. Sarah Netburn (U.S.M.J.)